[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 456.]

JONES, APPELLANT, *v*. VILLAGE OF CHAGRIN FALLS, APPELLEE.

[Cite as *Jones v. Chagrin Falls*, 1997-Ohio-253.]

*Civil procedure—Doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action, but an affirmative defense that may be waived if not timely asserted and maintained.*

The doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may be waived if not timely asserted and maintained. (*Driscoll v. Austintown Assoc.* [1975], 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, clarified and followed.)

(No. 95-1458—Submitted September 24, 1996—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 67416.

———————————

{¶ 1} Appellant David R. Jones is the owner of real property located in the village of Chagrin Falls and situated within the village's Office District zone. In June 1993, Jones granted National City Bank ("NCB") an option to purchase and develop the property. NCB, in turn, approached Chagrin Falls' Chief Administrative Officer, Robert McKay, with a plan to develop the property for use as a branch bank.

{¶ 2} McKay informed NCB that under his interpretation, the zoning laws precluded use of property in the Office District as a branch bank. Though Chagrin Falls Zoning Code 1135.02 permits use of Office District land as a "financial office," McKay determined that a branch bank did not qualify as a financial office and was not a permitted use in the Office District.

{¶ 3} The matter was placed on the agenda for the October 4, 1993 meeting of the Chagrin Falls Board of Zoning Appeals ("BZA"). At the meeting, after

presentation of NCB's position by its counsel, the BZA concluded that there was a distinction between a financial office and a branch bank and voted to affirm McKay's interpretation of the village's zoning ordinances.

{¶ 4} At its next regular meeting, the Chagrin Falls Village Council considered and affirmed the BZA ruling. NCB was represented at the meeting by counsel who spoke on its behalf prior to council's vote adopting an ordinance approving the action of the BZA.

{¶ 5} Appellant Jones was not present and did not participate in any of the aforementioned proceedings.

{¶ 6} NCB did not pursue an appeal of the village's determination.

{¶ 7} Following the decision of the village council, Jones, who had not sought a use variance from the village, filed an action under R.C. Chapter 2721 in the Cuyahoga County Court of Common Pleas seeking a declaration that a bank is a financial office under the Chagrin Falls Zoning Code. In its answer, Chagrin Falls raised as defenses both failure to exhaust administrative remedies and lack of subject matter jurisdiction. It did not, however, argue these defenses to the trial court either in response to Jones's motion for summary judgment or in its own summary judgment motion.[1]

{¶ 8} The trial court granted summary judgment to Jones, holding that, as a matter of law, a bank is a financial office and therefore a permitted use in the Office District. The village timely appealed the decision to the Cuyahoga County Court of Appeals.

---

1. We cannot know whether Chagrin Falls would have raised failure to exhaust administrative remedies as an affirmative defense in a subsequent motion for summary judgment had it had another opportunity to file one. Because the trial court granted Jones's summary judgment motion, no such opportunity was available. The practical effect, therefore, of Chagrin Falls' failure to raise the affirmative defense in its one and only summary judgment motion is the waiver of the defense.

**{¶ 9}** The only issues briefed and argued to the court of appeals concerned the interpretation of the village zoning code and the trial court determination that a branch bank is a financial office. At oral argument, however, the court raised the issue of subject matter jurisdiction *sua sponte* and requested supplemental briefs addressing the question. Upon consideration of the briefs, the court of appeals reversed and vacated the judgment of the trial court, holding that the trial court lacked subject matter jurisdiction to consider the action due to Jones's failure to exhaust administrative remedies. Jones filed a notice of appeal and we accepted jurisdiction.

—————————————

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Sheldon Berns* and *Benjamin J. Ockner*, for appellant.

*Joseph W. Diemert, Jr.*, Chagrin Falls Director of Law, and *Laura J. Gentilcore*, Assistant Director of Law, for appellee.

—————————————

**MOYER, C.J.**

**{¶ 10}** The issue presented in this case is whether failure to exhaust administrative remedies is a jurisdictional defect, or an affirmative defense that may be waived. The issue is of central importance under the facts of this case because Chagrin Falls did not raise the defense on summary judgment and therefore must be held to have waived it if the defect is not jurisdictional. For the reasons that follow, we reaffirm our established precedent that failure to exhaust administrative remedies is a waivable affirmative defense, and we therefore reverse the judgment of the court of appeals.

**{¶ 11}** Ohio's Declaratory Judgment Act sets out in R.C. 2721.02 the types of cases appropriate to declaratory judgment actions before courts of record. Civ.R. 57 specifies that declaratory judgment is not precluded, where appropriate, by "[t]he existence of another appropriate adequate remedy."

**{¶ 12}** R.C. 2721.02 provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

**{¶ 13}** R.C. 2721.03 provides in part:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

**{¶ 14}** Civ.R. 57 provides:

"The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. * * * "

**{¶ 15}** Nothing in R.C. Chapter 2721 exempts zoning ordinances from the subject matter jurisdiction of courts of common pleas to decide declaratory judgment actions. Nor have we found any other statutory language depriving the trial court of jurisdiction in this case. Therefore, if the court of common pleas lacked jurisdiction in this case, as the court of appeals held, the legal underpinnings for such a holding must be found in the case law.

**{¶ 16}** The village directs our attention to several of our own cases and urges us to rely on them to uphold the determination of the court of appeals that the

4

doctrine of failure to exhaust administrative remedies is a jurisdictional defect depriving the trial court of the power to hear and decide the question before it. We do not agree. Indeed, neither our case law nor that of other jurisdictions supports so sweeping a response to the issue before us.

{¶ 17} In *Driscoll v. Austintown Assoc*. (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, Driscoll and others sought to collaterally attack, on grounds of failure to exhaust administrative remedies, a two-year-old declaratory judgment holding that a zoning ordinance prohibiting certain landowners from constructing multifamily housing units on their property was unconstitutional. We upheld the validity of the declaratory judgment stating: "Failure to exhaust administrative remedies is not a jurisdictional defect, and such a failure will not justify a collateral attack on an otherwise valid and final judgment. Failure to exhaust administrative remedies is an affirmative defense which must be timely asserted in an action or it is waived. Civ.R. 8(C) and 12 (H)." Id. at 276, 71 O.O.2d at 254, 328 N.E.2d at 403-404.

{¶ 18} The village of Chagrin Falls correctly observes that the issue in *Driscoll* was whether a zoning ordinance was constitutional; this case presents no constitutional issue. The village also emphasizes that this court has in the past treated constitutional questions differently from those of simple statutory interpretation when considering the propriety of declaratory judgment actions. See, *e.g.*, *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 586 N.E.2d 80. For these reasons, the village argues, we should distinguish between *Driscoll* and the present case in determining the applicability of the *Driscoll* holding.

{¶ 19} In *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 75 O.O.2d 358, 348 N.E.2d 342, however, we applied the same reasoning to a case in which no constitutional question was raised. *Gannon* involved a declaratory judgment action brought by Cleveland's police and fire fighters seeking a declaration that the mayor was without power under the city charter to place them on layoff. We held that

failure to exhaust administrative remedies was not a jurisdictional defect, nor did it preclude the common pleas court from hearing the action, despite the absence of a constitutional question. We simply repeated the above-quoted language from *Driscoll* and added: "The record before this court does not disclose timely assertion by the appellants of the affirmative defense of failure to exhaust administrative remedies. Therefore, pursuant to *Driscoll*, that defense is no longer available to appellants." *Gannon v. Perk*, 46 Ohio St.2d at 310, 75 O.O.2d at 363, 348 N.E.2d at 348.

{¶ 20} In contrast to these unequivocal statements of Ohio law, we have found no Ohio Supreme Court precedent supporting the court of appeals' conclusion that failure to exhaust administrative remedies is a jurisdictional defect.

{¶ 21} Whether a constitutional question is raised such that exhaustion of administrative remedies should not be required is an inquiry wholly separate from the affirmative-defense-versus-jurisdictional-defect issue posed by the present case. We have long held that failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule. *Driscoll v. Austintown Assoc., supra*, 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, paragraph two of the syllabus; *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355; *Fairview Gen. Hosp. v. Fletcher*, *supra*, 63 Ohio St.3d 146, 149, 586 N.E.2d 80, 82.

{¶ 22} The policy interest underlying the rule distinguishing between cases presenting constitutional issues and others is simply the conservation of public resources. Because administrative bodies have no authority to interpret the Constitution, requiring litigants to assert constitutional arguments administratively would be a waste of time and effort for all involved. "[I]f resort to administrative remedies would be wholly futile, exhaustion is not required." *Karches v. Cincinnati*, 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355 (citing *Glover v. St. Louis-San Francisco Ry. Co.* [1969], 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519);

*Driscoll v. Austintown Assoc.,* 42 Ohio St.2d 263, 275, 71 O.O.2d 247, 253-254, 328 N.E.2d 395, 403.

{¶ 23} The village relies on *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, and *Fairview Gen. Hosp. v. Fletcher*, *supra*, 63 Ohio St.3d 146, 586 N.E.2d 80, for the proposition that failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction to consider a declaratory judgment action. However, we agree with appellant Jones that neither case is apposite.

{¶ 24} In *Schomaeker*, a landowner sought a declaratory judgment stating that a use variance granted to a contiguous property owner for the construction of a parking lot was void. The *Schomaeker* plaintiff had participated in the administrative process from the beginning in an attempt to block the undesired use. We held that the plaintiff was entitled to appeal the grant of the variance, and was "not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained." *Id*. at paragraph three of the syllabus.

{¶ 25} The village's reliance on *Schomaeker*, however, is misplaced for two important reasons. First, appellant Jones is not situated similarly to the *Schomaeker* plaintiff, whose status was essential to the holding of that case. See *Schomaeker* at paragraph two of the syllabus. In *Schomaeker*, the plaintiff was a "person owning property contiguous to the proposed use who ha[d] previously indicated an interest in the matter by a prior court action challenging the use, and who [had] attend[ed] a hearing on the variance together with counsel ***." *Id*. Appellant Jones does not share any of the cited attributes.

{¶ 26} Second, the *Schomaeker* syllabus is inconsistent with the conclusion that failure to exhaust administrative remedies is a jurisdictional defect, but consistent with the conclusion that it is an affirmative defense. This is evidenced by the language of the third paragraph of the syllabus which does not mention subject matter jurisdiction, but does state that a person in Schomaeker's position

"is not entitled to a declaratory judgment where failure to exhaust administrative remedies is *asserted and maintained*." (Emphasis added.) *Id*. at paragraph three of the syllabus. If failure to exhaust remedies deprived the trial court of subject matter jurisdiction, the "asserted and maintained" language would amount to mere surplussage.

**{¶ 27}** *Fairview Gen. Hosp. v. Fletcher* is equally unavailing to the village's position. That case involved a declaratory judgment action filed by a hospital seeking a declaration that Ohio's certificate of need laws were inapplicable to the hospital's request for redesignation of the level of its neonatal intensive care unit. The Ohio Department of Health ("ODH") argued for dismissal on the grounds that the hospital had failed to exhaust its administrative remedies before the Certificate of Need Review Board. We held that the declaratory judgment action should have been dismissed because it was "unavailable" under the failure-to-exhaust doctrine. *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d at 152, 586 N.E.2d at 85.

**{¶ 28}** We did not, however, specifically state or even imply that failure to exhaust administrative remedies is a jurisdictional defect or that our opinion was based on such a rule. We merely affirmed the court of appeals' holding that the trial court erred in rejecting on summary judgment ODH's "affirmative defenses of exhaustion of remedies and *res judicata*." *Id*., 63 Ohio St.3d at 147-148, 586 N.E.2d at 82.

**{¶ 29}** We therefore hold that the doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may be waived if not timely asserted and maintained. *Gannon v. Perk*, *supra*, 46 Ohio St.2d 301, 75 O.O.2d 358, 348 N.E.2d 342; *Driscoll v. Austintown Assoc*., *supra*, 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395.

**{¶ 30}** We observe that our holding is not to be read as a rejection of the force of the doctrine requiring exhaustion of administrative remedies in general.

We agree with the United States Supreme Court and the courts of the many jurisdictions that have echoed the words of *Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 50-51, 58 S.Ct. 459, 463, 82 L.Ed. 638, 644: "[It is] the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (Footnote omitted.)

{¶ 31} Our decision today simply clarifies that under our adversarial system of justice it is the responsibility of the party seeking to benefit from the doctrine to raise and argue it. Once raised, it becomes the duty of the trial court to determine upon consideration of the affirmative defenses and the elements of a declaratory judgment action, whether such action is proper. We do not perceive the obligation of arguing an affirmative defense to be unduly burdensome; it is consistent with the adversarial system of justice, and it protects the judiciary from the erosion of its authority represented by a holding that courts are without fundamental power to hear cases expressly placed within their purview by the General Assembly through R.C. 2305.01 and 2721.02.

{¶ 32} Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals to decide the issue presented for review by the parties, *i.e.,* the proper interpretation of the village zoning ordinance.

*Judgment reversed*

*and cause remanded.*

F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

COOK, J., dissents.

———————————

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 33} I concur with the majority in reversing the judgment of the court of appeals. I dissent from the remand to the court of appeals.

{¶ 34} As I read the majority opinion, the trial court had jurisdiction to consider this matter. That being so, the trial court heard, decided, and entered judgment. Absent an abuse of discretion of the trial court in its definitional determination, a highly unlikely finding, the judgment of the trial court should be upheld.

{¶ 35} Accordingly, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court. Because the majority does not do so, I respectfully concur in part and dissent in part.

RESNICK, J., concurs in the foregoing opinion.

_____

**COOK, J., dissenting.**

{¶ 36} Because I believe the administrative remedy available to Jones is exclusive, I respectfully dissent.

{¶ 37} The majority states that it clarifies and follows *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, in arriving at its conclusion. In *Driscoll*, this court held that *constitutional challenges* to a zoning ordinance may be brought in a declaratory judgment action provided that available administrative remedies are exhausted or the affirmative defense stemming from a failure to do so is waived. *Driscoll,* however, does not endorse declaratory judgment as an appropriate remedy for *nonconstitutional* review of zoning issues. In fact, the *Driscoll* court noted, "It is quite possible that R.C. Chapter 2506 provides the exclusive method of obtaining review of * * * an administrative determination." *Id.* at 271, 71 O.O.2d at 251, 328 N.E.2d at 401. Accordingly, *Driscoll* does not compel the conclusion reached by the majority in this case.

{¶ 38} The sounder legal approach, I think, is to treat the administrative remedy available to Jones as his exclusive remedy. "This court has previously recognized that where the General Assembly has enacted a complete,

comprehensive and adequate statutory scheme governing review by an administrative agency, exclusive jurisdiction may be held to lie with such an agency." *State ex rel. Geauga Cty. Budget Comm. v. Geauga Cty. Court of Appeals* (1982), 1 Ohio St.3d 110, 113, 1 OBR 143, 146, 438 N.E.2d 428, 431.

{¶ 39} R.C. 713.11 establishes the vehicle a landowner may utilize to challenge zoning determinations. That remedy is part of a broader statutory scheme, which permits municipal corporations to exercise their constitutional authority to adopt and enforce a zoning code. See *Pritz v. Messer* (1925), 112 Ohio St. 628, 637, 149 N.E. 30, 33. Judicial appeal of the administrative remedy is provided pursuant to R.C. Chapter 2506. Accordingly, a complete, comprehensive,[2] and adequate administrative remedy has been made available for resolution of the zoning interpretation requested by Jones and that remedy should be deemed exclusive.

{¶ 40} Having expressed my opinion regarding the impropriety of bringing nonconstitutional challenges to zoning determinations in a declaratory judgment action, I must additionally note my concern that this court inappropriately permits challenges in a declaratory judgment action to the constitutionality of zoning ordinances *as applied*. In my view, declaratory judgment is available only for facial challenges to the constitutionality of a zoning ordinance.

{¶ 41} In dicta, the majority suggests that a landowner may immediately pursue a declaratory judgment when raising a constitutional challenge to a zoning determination.[3] The rationale underlying the majority's conclusion is that resort to

---

2. R.C. Chapter 713 broadly authorizes municipalities to promulgate local zoning ordinances and to provide for their enforcement. The statutory command, however, is necessarily broad in deference to the right of municipalities to exercise local self-government under Section 7, Article XVIII of the Ohio Constitution.

3. I believe that the majority incorrectly reads *Driscoll* when it cites paragraph two of the syllabus for the proposition that failure to exhaust administrative remedies is not a necessary prerequisite to a declaratory judgment action challenging the constitutionality of a zoning ordinance. Had this been the court's decision, there would have been no reason to classify failure to exhaust administrative

the administrative remedy would be futile, because administrative bodies are powerless to interpret the Constitution.

{¶ 42} While it is true that zoning boards have no power to interpret the Constitution, the administrative remedy available to Jones included an R.C. Chapter 2506 appeal, wherein a common pleas court may rule on an as-applied constitutional challenge to the administrative decision. *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 26, 67 O.O.2d 38, 39, 309 N.E.2d 900, 902. R.C. 2506.04 specifically references unconstitutionality as a basis for challenging a tribunal's decision.

{¶ 43} *Driscoll* validated a landowner's declaratory judgment action challenging the constitutionality of a township board of trustees' denial of a rezoning application. Such an action challenges a legislative function, and cannot be reviewed pursuant to R.C. Chapter 2506. *Forest City Ent., Inc. v. Eastlake* (1975), 41 Ohio St.2d 187, 189-190, 70 O.O.2d 384, 385, 324 N.E.2d 740, 743, reversed and remanded on other grounds (1976), 426 U.S. 668, 672, 96 S.Ct. 2358, 2361, 49 L.E.2d 132, 137; *Moraine v. Montgomery Cty. Bd. of Commrs.* (1981), 67 Ohio St.2d 139, 144, 21 O.O.3d 88, 91, 423 N.E.2d 184, 187-188.

{¶ 44} The question in *Driscoll*, then, was whether the landowner's failure to utilize the variance procedure established by municipal ordinance and an R.C. Chapter 2506 appeal precluded declaratory judgment relief.

{¶ 45} In deciding that the landowner's administrative remedy was not exclusive, the *Driscoll* court failed to note specifically that R.C. Chapter 2506 review permits an as-applied constitutional attack on a final administrative order. See *Driscoll*, 42 Ohio St.2d at 270-271, 71 O.O.2d at 251, 328 N.E.2d at 401; *Mobil*

---

remedies as an affirmative defense. The *Driscoll* court specifically found that the appellants therein *were* required to exhaust their administrative remedies, but that failure to do so created only an affirmative defense. *Id,* 42 Ohio St.2d at 274-276, 71 O.O.2d at 253-254, 328 N.E.2d at 403-404.

12

*Oil Corp.,* 38 Ohio St.2d at 26, 67 O.O.2d at 39, 309 N.E.2d at 902. Instead, the court noted that a declaratory judgment action attacks the zoning itself, while the R.C. Chapter 2506 appeal provides for review of the administrative determination. *Driscoll,* 42 Ohio St.2d at 270-271, 71 O.O.2d at 251, 328 N.E.2d at 401. That analysis leads to a conclusion that the landowner in *Driscoll* could not have filed an R.C. Chapter 2506 appeal directly from the denial of the rezoning application. The *Driscoll* analysis does not bear on whether a landowner, who could raise an as-applied constitutional issue in an R.C. Chapter 2506 appeal after an unsuccessful attempt to obtain administrative relief, is properly limited to that remedy without the right to seek declaratory relief.

{¶ 46} In *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350, this court attempted to further buttress the rationale employed in *Driscoll* by pointing out the instances in which an R.C. Chapter 2506 appeal and a declaratory judgment action may compel different determinations based on their variant scopes.

{¶ 47} "The distinction between the two actions is important because in an R.C. Chapter 2506 appeal, the trial court need not make an objective determination of the overall constitutionality of a zoning ordinance. It will view the constitutional issue only in light of the proposed specific use. If the court finds the restriction against the proposed use valid, its inquiry ends. In making such a limited determination, it is possible that the existing zoning could be unconstitutional, but the zoning would not be declared unconstitutional because the prohibition against the specific proposed use is valid." *Id.,* 38 Ohio St.3d at 16, 526 N.E.2d at 1355.

{¶ 48} Victory in an as-applied challenge to a zoning ordinance requires landowners to demonstrate that the ordinance denies them any economically viable use of their property *and* that the zoning, as applied to their property, does not advance a legitimate government interest. *Karches,* 38 Ohio St.3d at 19, 526 N.E.2d at 1357. An as-applied constitutional challenge to an administrative determination requires a landowner to demonstrate *only* that the ordinance, in proscribing the

landowner's proposed use, bears no reasonable relationship to the legitimate exercise of police power by the municipality. *Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of Zoning Appeals* (1988), 38 Ohio St.3d 184, 185, 527 N.E.2d 825, 827. "[The] test is not * * * whether *any* legal justification exists for a holding of the Board of Zoning Appeals, but rather whether the ordinance, in proscribing the landowner's proposed use of his land, bears a reasonable relationship to the public health, safety, welfare, or morals." (Emphasis *sic.*) *Cincinnati Bell, Inc. v. Glendale* (1975), 42 Ohio St.2d 368, 370, 71 O.O.2d 331, 332, 328 N.E.2d 808, 809. Accordingly, a legitimate government interest for retaining the zoning classification will defeat an as-applied constitutional attack on an administrative determination and an as-applied constitutional attack on the zoning ordinance itself. Thus, there appears no reason to permit a declaratory judgment action for any as-applied constitutional challenge.

{¶ 49} The only other authority cited by the *Driscoll* and *Karches* courts for holding R.C. Chapter 2506 is not a landowner's exclusive remedy is Civ.R. 57. *Driscoll,* 42 Ohio St.2d at 268-269, 71 O.O.2d at 250, 328 N.E.2d at 400; *Karches,* 38 Ohio St.3d at 15, 526 N.E.2d at 1354. The pertinent portion of that rule states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, as acknowledged by the *Driscoll* court, the cited language from Civ.R. 57 presupposes an alternative remedy that is nonexclusive. *Driscoll,* 42 Ohio St.2d at 269, 71 O.O.2d at 250, 328 N.E.2d at 400.

{¶ 50} To date, this court has failed to provide a proper analysis of whether, and to what extent, R.C. Chapters 713 and 2506 represent a landowner's exclusive remedy for challenging municipal zoning determinations. Instead, it has repeatedly designated the jurisdictional bar presented by Chagrin Falls and similarly situated defendants as "failure to exhaust administrative remedies." That defense would suggest that a landowner must only have exhausted the remedies available under

R.C. Chapters 713 and 2506 in order to then be eligible to file the declaratory judgment action. Pursuit of the administrative remedy would, however, culminate in a final judgment, precluding resort to a declaratory judgment on the same issues—including constitutional issues that could have been raised in the R.C. Chapter 2506 appeal.

{¶ 51} In my opinion, only those constitutional issues that cannot be reached in an R.C. Chapter 2506 appeal (*e.g.,* facial challenges to the zoning ordinance or rezoning by amendment, etc.) should be permitted in a declaratory judgment action. I would have taken this opportunity to correct the confusion caused by *Driscoll* and its progeny. Furthermore, because it is put in issue by the present case, I would overrule the third paragraph of *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, to the extent that it can be read to permit nonconstitutional zoning challenges to be brought in a declaratory judgment action.

————————————