OPINION
Pursuant to 6th Dist.Loc.App.R. 12(C), this case is assigned to the court's accelerated docket.
The trial court found that appellants; Robert Keller, Thomas Redinger and George J. Durkin, as trustees of Bay Point Partnership, also known as Bay Shore Land Partners ("Bayshore"); were required to pursue their administrative remedy set forth in R.C. Chapter 119 and declined to address appellants' "constitutional concerns." Appellants set forth the following assignments of error:
 "1. THE TRIAL COURT ERRED BY GRANTING ODNR'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BECAUSE NO DUTY TO EXHAUST ADMINISTRATIVE REMEDIES DUE TO ODNR'S FAILURE TO COMPLY WITH THE NOTICE AND HEARING REQUIREMENTS OF OHIO REVISED CODE CHAPTER 119.
 "2. THE TRIAL COURT ERRED BY FINDING THE ODNR HAD ISSUED AN ADJUDICATIVE ORDER WHICH WOULD LIMIT BAY SHORE TO REMEDIES AVAILABLE UNDER O.R.C. CHAPTER 119.
 "3. THE TRIAL COURT ERRED BY FINDING THAT BAY SHORE'S ONLY FORUM TO CHALLENGE ODNR'S IMMEDIATE THREATS TO DEPRIVE BAY SHORE OF ITS RIGHTS WAS TO FILE AN ACTION IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY.
 "4. THE TRIAL COURT ERRED BY GRANTING ODNR'S MOTION TO DISMISS ON THE GROUNDS OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BECAUSE THE TRIAL COURT HAD JURISDICTION TO HEAR BAY SHORE'S CONSTITUTIONAL CLAIMS."
In their complaint, appellants alleged that the dispute in this case involved the validity of R.C. Chapter 1506 and Ohio Administrative Code § 1501-6-06 as applied retroactively to a lease agreement between appellants and the state of Ohio.
Appellants asserted the following facts salient to a disposition of this case.
Appellants entered into the lease of submerged land lying adjacent to their real property for the purpose of constructing docks for a marina. The lease is for a term of fifty years commencing on January 1, 1987. The annual rent for the property is $5,000 per year; however, at the end of ten years, the lease agreement permits the state to adjust the rent amount to reflect any variation in property values, excluding any improvements made by Bay Shore. The terms of the lease require appellees, Donald C. Anderson, Director of the Ohio Department of Natural Resources and the state of Ohio Department of Natural Resources ("ODNR"), to notify appellees in writing of a rent adjustment at least ninety days before the expiration of the preceding ten year period.
In December 1996, appellants tendered a $5,000 check for their annual rent (for 1997) to the Ottawa County Commissioners. The commissioners negotiated the check. In February 1997, however, the Ottawa County Auditor's Office sent appellants a reimbursement check. Later that same month, appellants received an invoice from ODNR demanding $33,297.26 as rent from March 1, 1997 through February 28, 1998. The rent increase was based on Ohio Administrative Code § 1501-6-06, as promulgated in April 1992, and, pursuant to this regulation, was based on increases in the consumer price index.
In their complaint, appellants asked the court to (1) find R.C. Chapter 1506 and Ohio Administrative Code § 1501-6-06
invalid and violative of the Ohio and United States Constitutions; (2) find R.C. Chapter 1506 and Ohio Administrative Code § 1501-6-06
nullified the provisions of their lease and were, therefore, invalid, unlawful and unconstitutional; (3) declare the lease is valid and enforceable and find adjustments to the lease are controlled by its provisions; (4) declare that ODNR did not follow the procedures set forth in the lease and cannot increase appellants' rent until the year 2007. Appellants also requested costs and attorney fees.
The ODNR's motion to dismiss for failure to state a claim upon which relief can be granted argued that appellants failed to exhaust their administrative remedies and were thus precluded from instituting a declaratory judgment action. As stated previously, the trial court agreed with this argument.
For the following reasons, however, we find appellants' first three assignments of error have merit. We also find their fourth assignment of error, to the extent that it asserts that their constitutional questions were properly before the common pleas court, is meritorious. We decline to discuss the merits of the arguments related to the constitutional issues in appellants' fourth assignment of error.
A complaint can be dismissed for failure to state a claim upon which relief can be granted only where it appears from the face of the complaint that "beyond doubt * * * the plaintiff can prove no facts entitling him to recovery." O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242. When determining a motion to dismiss under Civ.R. 12(B)(6), the court must presume all factual allegations in the complaint are true,Tulloh v. Goodyear Atomic Corp. (1992), 62 Ohio St.3d 541, 544, and construe all reasonable inferences in favor of the nonmoving party, Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
The failure to exhaust administrative remedies is an affirmative defense that may be waived if not timely raised and maintained. Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456,462. Generally, because they require reference to materials outside the complaint, affirmative defenses cannot be raised by means of a Civ.R. 12(B)(6) motion to dismiss. State ex rel.Freeman v. Morris (1991), 62 Ohio St.3d 107, 109; Johnson v.Wilkinson (1992), 84 Ohio App.3d 509, 516. An exception exists, however, where the existence of the affirmative defense is obvious from the face of the complaint itself. Esselburne v. Ohio Dept.of Agriculture (1990), 64 Ohio App.3d 578, 580; Hughes v. RobinsonMemorial Portage Cty. Hosp. (1984), 16 Ohio App.3d 80, 82.
In the present case, the lease between appellants and the state was attached to and referenced in appellants' complaint. The lease refers to three statutes that were part of former R.C. Chapter 123, now codified as R.C. Chapter 1506. The relevant statute provided that the department of administrative services (currently, the ODNR) is the state agency over matters related to the care, protection, and enforcement of the state's rights in the waters of Lake Erie. R.C. 123.03. See, also, R.C. 1506.10. R.C.123.03 also stated that any order of the director of administrative services pertaining to the care, protection, and enforcement of the state's rights in the waters of Lake Erie was a rule or adjudication for the purpose of R.C. Chapter 119. See, also, R.C. 1506.10. R.C. Chapter 119 provides a statutory remedy for those affected by an adjudicatory order of an administrative agency.
Although somewhat tenuous, we find the references to statutory administrative remedies in the lease sufficient to establish the existence of the affirmative defense of failure to exhaust administrative remedies. Nonetheless, this finding is not beneficial to the ODNR.
This court recently decided a case almost identical to the case before us. Sandusky Marina Limited v. Ohio Dept. ofNatural Resources (Feb. 13, 1998), E-97-017, unreported. TheSandusky Marina case also involved a fifty year lease of submerged lands between private marina owners and the state of Ohio. As in the instant case, the ODNR increased the rent pursuant to R.C. Chapter 1506 and Ohio Administrative Code §1501-6-06. Id. at 2-4. Sandusky Marina filed a declaratory judgment action and also pursued an administrative appeal. Id. at 4. The declaratory judgment action proceeded to a trial before the bench. Following deliberation, the trial court held: "(1) the lease [in Sandusky Marina] was valid, (2) [ODNR] made no attempt to determine the rental value of the property by any means other than that presented in the administrative code, (3) the utilization of the administrative code method on this lease is a retroactive application which is statutorily and constitutionally abhorrent." Id.
In the appeal of Sandusky Marina, the ODNR argued that the trial court erred in failing to dismiss the case because it should have been brought in the court of claims, because Sandusky Marina failed to exhaust its administrative remedies, and because a declaratory judgment action was not appropriate for disposition of the issues in this case. Id. at 6. This court rejected these arguments finding that Sandusky Marina was an action on a contract and:
 R.C. 2721.03 makes an action for declaratory judgment the appropriate vehicle for adjudicating the rights and relations of the parties to a contract as well as the way those rights are affected by a statute or a rule." Id. at 5.
We further held that, on constitutional issues, the exhaustion of administrative remedies is not required. Id.
We conclude that our holding in Sandusky Marina is dispositive of the questions raised in this case. We therefore find appellants' first, second, and third assignments of error well-taken. The marina owners fourth assignment of error is also found well-taken, but only to the extent that it asserts that they are not required to exhaust administrative remedies prior to raising their constitutional claims in a declaratory judgment action.
The judgment of the Ottawa County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. ODNR is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.