JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Southridge Civic Association, Anthony Tremonto, and Mary Ann Nice (collectively "the appellants") appeal the trial court's decision granting summary judgment in favor of defendants-appellees the City of Parma ("the City") and Parma-Fay Senior Community Ltd. ("Parma-Fay"). For the reasons below, we dismiss the appeal.
 {¶ 2} On February 4, 2000, appellee Parma-Fay, a joint venture between Parma Community General Hospital and Generations Healthcare Management, Inc., filed an application for a conditional use permit with the Parma City Council, seeking to build a nursing home complex in an area zoned for single-family residential use.
 {¶ 3} The proposed complex consists of four levels of care for residents: independent living, assisted living, and two skilled nursing care units. At issue is the separate independent living facility ("the Facility") which appellants argue does not meet the Parma Zoning Code's definition of "nursing home," and thus is not eligible for a conditional use permit.
 {¶ 4} On August 7, 2000, after several public hearings, the City granted Parma-Fay's request for a conditional use permit. Appellants appealed this decision pursuant to R.C. 2506 to Cuyahoga County Common Pleas Court in Case No. 417019.
 {¶ 5} On January 24, 2001, appellants filed a complaint for declaratory judgment, injunctive relief, and a taxpayer's action in Cuyahoga County Common Pleas Court, Case No. 428607. They asked the court to declare that the Facility is a multi-family use facility and not a "nursing home." Appellants also sought a declaration that the Facility is not permissible in a single-family housing district, and thus violates the Parma Zoning Code and Ohio Revised Code. They also sought to enjoin the City from issuing building permits and to stay construction and development of the Facility. Their taxpayer's action sought to enjoin and prevent the alleged misuse of municipal corporate power.
 {¶ 6} On February 21, 2001, in Case No. 417019, the trial court upheld the City's decision granting the conditional use permit to Parma-Fay.
 {¶ 7} On March 2, 2001, the City filed a motion to consolidate Case No. 417019 and Case No. 428607. This motion was granted by the trial court.
 {¶ 8} On August 15, 2001, in Case No. 428607, the trial court granted summary judgment in favor of the City and Parma-Fay, and denied the appellants' motion for summary judgment. Appellants appeal this decision and raise the following assignments of error:
 {¶ 9} THE 80 MULTI-FAMILY INDEPENDENT LIVING UNITS OF THE PROPOSED PARMA FAY PROJECT ARE NOT A NURSING HOME SINCE NO SKILLED NURSING CARE IS BEING PROVIDED TO THOSE RESIDENTS IN THESE UNITS, ORC SECTION 3721.01 (A)(4) AND (6).
 {¶ 10} THE 80 MULTI-FAMILY INDEPENDENT LIVING UNITS OF THE PROPOSED PARMA FAY PROJECT ARE NOT A RESIDENTIAL CARE FACILITY SINCE NO "PERSONAL CARE SERVICES" ARE BEING PROVIDED TO THOSE RESIDENTS IN THESE UNITS, ORC SECTION 3721.01 (5) AND (7)(sic).
 {¶ 11} THE 80 MULTI-FAMILY INDEPENDENT LIVING UNITS OF THE PROPOSED PARMA FAY PROJECT ARE HOUSING FACILITIES DESIGNED OR USED AS A RESIDENCE FOR ELDERLY PERSONS. DUBLIN CITY SCHOOL DIST. BD. OF EDN. V. TRACY (1998), 126 OHIO APP.3d 603, 604.
 {¶ 12} THE 80 MULTI-FAMILY INDEPENDENT LIVING UNITS OF THE PROPOSED PARMA FAY PROJECT ARE TRUE MULTIPLE DWELLING UNITS WHICH ARE NOT A PERMITTED USE IN A SINGLE FAMILY HOUSING DISTRICT. DUBLIN CITY SCHOOL DIST. BD. OF EDN. V. LIMBACH (1994), 69 OHIO ST.3d 255, 258.
 {¶ 13} A PROPER TAXPAYER ACTION HAS BEEN BROUGHT TO OBTAIN INJUNCTIVE RELIEF AGAINST AN ABUSE OF CORPORATE MUNICIPAL POWERS OF PERMITTING MULTI-FAMILY USE IN A SINGLE FAMILY HOUSING DISTRICT COD. ORD. 1123.09 (D), ORC SECTION 713.13.
 {¶ 14} Before we address the merits of the appeal, we note that appellants failed to appeal the trial court's decision in Case No. 417019. As stated by the Ohio Supreme Court in Schomaeker v. FirstNational Bank of Ottawa (1981), 66 Ohio St.2d 304, 421 N.E.2d 530, at paragraph three of syllabus:
 {¶ 15} A person entitled under R.C. Chapter 2506 to appeal the order of a planning commission granting a variance pursuant to a village ordinance is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained.
 {¶ 16} Here, appellants were entitled to appeal the Parma City Council's decision to grant the conditional use permit. They elected to pursue such an appeal, and when the trial court upheld the Council's decision, no further appeal was raised in this court. Thus, appellants failed to exhaust their administrative remedies.
 {¶ 17} However, as held in Jones v. Village of Chagrin Falls,77 Ohio St.3d 456, 1997-Ohio-253, 674 N.E.2d 1388, at syllabus:
 {¶ 18} The doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may be waived if not timely asserted and maintained.
 {¶ 19} The City and Parma-Fay raise the issue of a final appealable order in Case No. 417019 for the first time in their appellate briefs. Thus, because neither appellee raised this affirmative defense below, it has been waived pursuant to Schomaeker and Jones.
 {¶ 20} Nonetheless, we find that the matter at hand is distinguishable from Schomaeker and Jones. In those cases, the parties failed to file an administrative appeal in common pleas court. Therefore, no final court order on the administrative decision existed inSchomaeker and Jones.
 {¶ 21} In contrast, the appellants herein did appeal the City's decision to grant Parma-Fay's request for a conditional use permit by filing an administrative appeal in common pleas court in Case No. 417019. Furthermore, a final appealable order was entered on February 21, 2001, which was never appealed to this court.
 {¶ 22} Thus, this appeal and the underlying case amount to a collateral attack on an otherwise valid final judgment issued by the trial court.
 {¶ 23} The doctrine of res judicata prohibits such an action. As stated in Grava v. Parkman Township, 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, syllabus:
 {¶ 24} A valid, final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.
 {¶ 25} We find that res judicata barred the trial court from considering the arguments raised in Case No. 428607 because the determinative issue was already decided in Case No. 417019.
 {¶ 26} In Case No. 417019, the issue was whether the City erred in granting the conditional use permit. On appeal, appellants ask this court to make a determination that the Facility is not a "nursing home," and therefore the City abused its corporate powers by granting the Facility a conditional use permit.
 {¶ 27} However, despite appellants' use of different language, there is only one issue at bar because if the Facility does not meet the definition of "nursing home," then the City erred in granting the conditional use permit. Thus, regardless of the language employed by the appellants, both Case No. 417019 and Case No. 428607 concern one issue, and that is whether the City erred in granting the conditional use permit.
 {¶ 28} We acknowledge the fact that res judicata is also an affirmative defense, and that it may be waived when a party fails to raise it. See State v. Neiswonger (Nov. 1, 2001), Cuyahoga App. No. 78680, citing, Jim's Steak House, Inc. v. Cleveland, 81 Ohio St.3d 18,20, 1998-Ohio-179. Thus, in order to address this issue at this level, we must find plain error.
 {¶ 29} As stated in Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,1997-Ohio-401, 679 N.E.2d 1099, at syllabus:
 {¶ 30} In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
 {¶ 31} The trial court plainly erred by reaching the merits in Case No. 428607 because the only issue raised therein had previously been decided in Case No. 417019. To permit this type of collateral attack opens the door to other individual taxpayers who wish to dispute the City's granting a conditional use permit, but failed to follow proper procedures in appealing the City's decision. This has the potential of allowing repetitive cases to be filed on the same issue and thus undermining judicial efficiency. As a result, the trial court's error affects the integrity and reputation of the judicial process.
 {¶ 32} Additionally, assuming that we disagreed with the trial court and made the determination that the injunctive relief sought should have been granted, we would be arguing that the trial court erred by not making a decision in direct conflict with its previous order in Case No. 417019. Such a result is illogical and clearly undermines the credibility of the judicial system.
Accordingly, we find plain error and determine that the doctrine of res judicata prohibited the trial court from making a second determination on the same issue. Therefore, we dismiss the appeal.
It is ordered that appellees recover of appellants their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR