{¶ 22} I respectfully dissent. I am of the opinion that a litigant should be able to bring a declaratory judgment action to raise constitutional challenges without exhausting administrative remedies. I recognize the force of the long settled doctrine requiring the exhaustion of administrative remedies in general. See Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, 462.
 {¶ 23} However, as is capably set forth by Justice Cook in her dissent to the opinion in Jones, the Supreme Court has not clearly established a doctrine reconciling the caselaw and Civ.R. 57. See Jones, 77 Ohio St.3d at 465-66 (Cook, J., dissenting), citing Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263,270-71. I do not agree with Justice Cook's conclusion as to the reconciliation of the cases and Civ.R. 57. Because administrative bodies do not have the authority to interpret the Constitution, I must support the principle that it is a waste of public resources to require a litigant to assert constitutional arguments through the administrative process. See id. at 461.
 {¶ 24} Thus, I would conclude that the trial court proceeded properly when it addressed and disposed of Lakeside's constitutional arguments on the merits, and therefore would have reviewed the trial court's findings and conclusions.