[Cite as *Bay Point Properties, L.L.C. v. Northlake Estates Condominium Assn.*, 183 Ohio App.3d 311, 2009-Ohio-3671.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

BAY POINT PROPERTIES, L.L.C.,

    APPELLEE,                                    CASE NO. 8-09-09

  v.

NORTHLAKE ESTATES
CONDOMINIUM ASSOCIATION,

    APPELLANT;                                    **O P I N I O N**

BAY POINT RESORTS ET AL.,

    APPELLEES.

---

**Appeal from Logan County Common Pleas Court
Trial Court No. CV 07 12 0597**

**Judgment Affirmed**

**Date of Decision:  July 27, 2009**

---

**APPEARANCES:**

    **Michael A. Rumer** and **Victoria U. Maisch, for appellee Bay Point Properties, L.L.C.**

    **Terrence G. Stolly, for appellant.**

**WILLAMOWSKI, Judge.**

{¶1} Defendant-appellant, Northlake Estates Condominium Association, ("Northlake") brings this appeal from the judgment of the Court of Common Pleas of Logan County. The trial court determined following a bench trial that plaintiff-appellee, Bay Point Properties, L.L.C. ("Bay Point"), had littoral rights to a channel that has become a part of Indian Lake. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 19, 2007, Bay Point filed a complaint to quiet title pursuant to R.C. 5303.01. Bay Point alleged that the location of the exact boundary between the parties' adjacent property was disputed. Northlake filed its answer on February 12, 2008. On January 8, 2009, the parties entered a stipulation of facts. A bench trial on this issue was held on February 3, 2009. On March 6, 2009, the trial court entered judgment in favor of Bay Point. Northlake appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

The trial court erred as a matter of law in its interpretation and application of R.C. 5303.01.

**Second Assignment of Error**

The trial court erred as a matter of law in not finding that Bay Point had failed to exhaust its administrative remedies.

**{¶3}** In the first assignment of error, Northlake claims that the trial court erred in applying R.C. 5303.01. The statute states as follows.

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

R.C. 5303.01.

**{¶4}** Northlake argues that the trial court could not enter judgment pursuant to this statute because there is no dispute as to the legal boundaries of the property. However, although R.C. 5303.01 would certainly apply to boundary disputes, that is not the sole purpose of the statute. The statute states that one in possession of real property may bring an action to quiet title against any party claiming an interest in the real property that is adverse to the possessor's interest. *Rhea v. Dick* (1878), 34 Ohio St. 420.

**{¶5}** In this case, Northlake erroneously argues that the statute does not apply to littoral rights. Littoral rights are defined as the ownership rights of one whose real property abuts a lake to the use and enjoyment of the water and land underneath the water. *Lemley v. Stevenson* (1995), 104 Ohio App.3d 126, 661 N.E.2d 237. This includes the right of access and wharfing out to navigable waters. *State v. Cleveland & Pittsburgh RR. Co.* (1916), 94 Ohio St. 61, 113 N.E.

677. The owner of land abutting a waterway owns the accompanying rights unless they are specifically procured by another person. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478.[1] In *Portage Cty.*, the Ohio Supreme Court held that although adjacent property owners have the right to use, not possess, the water, it is still a property right that may only be terminated by the state through the use of eminent domain. Id. at ¶54. The court also reiterated a prior holding that since riparian rights arise from ownership of land abutting the water, they are property rights. Id. at ¶56. See also *Mansfield v. Balliett* (1902), 65 Ohio St. 451, 63 N.E. 86. Since both riparian and littoral rights arise from owning real estate abutting water, there is no reason to hold that littoral rights are not property rights as well. Since R.C. 5303.01 deals with interests adverse to the property owner's rights, littoral rights, which arise from the ownership of the property, are subject to an action to quiet title.

{¶6} Here, Northlake did not dispute the legal boundaries of the property at trial or that a portion of the water in the channel crosses over the mutual property line onto Bay Point's property. Northlake did claim that it had exclusive ownership and control over the water in the channel, including the portion covering Bay Point's property. This position is adverse to that of Bay Point. Thus, Northlake did claim an interest adverse to Bay Point's property rights as

---

[1] This case is based upon an interpretation of riparian rights rather than littoral rights. However, the difference between the two is that riparian rights deal with access to river water by owners of property abutting the river, and littoral rights deal with property abutting a lake.

owners and possessors of the land, and R.C. 5303.01 applies. The trial court did not err in applying R.C. 5303.01 to this case. The first assignment of error is overruled.

{¶7} In the second assignment of error, Northlake argues that Bay Point is not entitled to judgment because it did not exhaust its administrative remedies by appealing the denial of its requests for permits by the Ohio Department of Natural Resources ("ODNR"). Northlake claims that this failure deprives the trial court of subject-matter jurisdiction. This court notes that this argument was not raised before the trial court until closing arguments.[2] "The failure to exhaust administrative remedies is not a jurisdictional defect but is rather an affirmative defense, if timely asserted and maintained." *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶11. The failure to timely raise and maintain the defense results in a waiver of the defense. *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 674 N.E.2d 1388. Since Northlake failed to specifically plead this affirmative defense and did not even mention it at trial until closing arguments, the defense is waived. Northlake cannot now raise this defense as grounds for reversing the trial court.

---

[2] Northlake argues that it raised this defense in its answer when it claimed (1) "fails to state a claim upon which relief can be granted," (2) "lack of standing," (3) "waiver," (4) "estoppel and latches (sic)," and (5) "failure to comply with statutes, regulations and Local Rules." However, this argument would require the court to broadly interpret what Northlake meant and would not provide notice to Bay Point that the affirmative defense of failure to exhaust administrative remedies was what Northlake meant.

{¶8} Even if the defense was raised, Northlake has not shown that there were any administrative remedies available. The only evidence before the trial court was that both Bay Point and Northlake had filed requests for permits with ODNR. However, ODNR did not deny the permits. Instead, ODNR refused to rule on the requests because it was not sure who owned the real property rights. Thus, there was no adjudication from which to appeal. This left Bay Point with two choices: (1) file a quiet title action to determine littoral rights or (2) file a writ of mandamus to force ODNR to adjudicate its request. Either way, Bay Point had no administrative remedies to exhaust. The second assignment of error is overruled.

{¶9} The judgment of the Court of Common Pleas of Logan County is affirmed.

Judgment affirmed.

SHAW, J., concurs.

ROGERS, J., concurs in judgment only.

_____