[Cite as *State ex rel. Gray v. Clearcreek Twp.*, 2015-Ohio-3711.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO EX REL. HOWARD J. GRAY III, et al., | : | |
| | : | CASE NO. CA2015-04-031 |
| Relators-Appellants, | : | O P I N I O N |
| - vs - | : | 9/14/2015 |
| | : | |
| CLEARCREEK TOWNSHIP, et al., | : | |
| Respondents-Appellees. | : | |
| | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14-CV-86456


Green & Green, Lawyers, Jonathan F. Hung, Jared A. Wagner, Sean M. Culley, 800 Performance Place, 109 North Main Street, Dayton, Ohio 45402, for relators-appellants, Howard J. Gray III and Lisa J. Gray

Surdyk, Dowd & Turner Co., LPA, Kevin A. Lantz, Dawn M. Frick, Jeffrey C. Turner, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458, for respondents-appellees, Clearcreek Township and Clearcreek Township Board of Zoning Appeals


**PIPER, P.J.**

{¶ 1} Petitioners/relators-appellants, Howard and Lisa Gray, appeal a decision of the Warren County Court of Common Pleas, granting a motion to dismiss in favor of respondents-appellees, Clearcreek Township and the Clearcreek Township Board of Zoning

Appeals.

{¶ 2} The parties have previously been before this court on a related matter, and we reiterate the salient facts for purposes of deciding the current appeal. At issue is a ten-acre parcel of land owned by the Grays, which is situated across two different counties. The southern portion of the parcel is located in Clearcreek Township, Warren County, and the northern portion is located in Miami Township, Montgomery County. The Clearcreek Township portion is zoned residential while the Miami Township portion is zoned light industrial.

{¶ 3} Before purchasing the land, the Grays contacted zoning officials from both Miami and Clearcreek Townships to determine if they could use the Miami Township property to construct a storage facility. The Grays needed to use a strip of the Clearcreek Township property, which was zoned as agricultural at the time, to construct a gravel driveway to provide ingress and egress for the Miami Township portion of the property because it is otherwise land locked. The Grays asked Jeff Palmer in his capacity as Clearcreek Township Zoning Inspector whether or not the Clearcreek Township Zoning Resolution would permit the construction and use of the gravel driveway, and Palmer stated that no permit would be necessary because the commercial structure was located on the Miami Township side of the property. With these assurances, the Grays purchased the property, and constructed the storage facility at a cost of $300,000. The Grays also constructed the gravel driveway on the Clearcreek Township property as the only entrance/exit for the storage facility.

{¶ 4} The Grays met with Palmer in May 2006 to discuss a permit for a sign at the entrance of the gravel driveway to advertise the storage facility. Once the sign was constructed, the Grays began renting storage units to the public. However, the township rezoned the Clearcreek Township land from agricultural to residential, and in June 2006, Palmer sent a letter to the Grays titled, "Notice of Zoning Violation," which indicated that the

advertisement signage was inappropriate. The violation letter also informed the Grays that they had to cease using the gravel driveway for access to the storage facility. The Grays received another letter in May 2007, which indicated that they were in violation of the zoning regulations because of the gravel driveway.

{¶ 5} In July 2007, the Grays received a letter from Clearcreek Township's Code Enforcement Officer, Fred Hill, stating that the Grays were in violation of the zoning ordinance. Two years later, and after the Grays did not cease their use of the driveway, the township filed a complaint and application for permanent injunction and abatement.

{¶ 6} The Grays answered the complaint, and included counterclaims of mandamus, injunction, and declaratory judgment. The Grays also asserted that the township's actions constituted a taking. Palmer then filed a motion for summary judgment in which he argued that the gravel driveway as ingress/egress to the storage facility was a violation of the zoning code, and that there had not been a taking.

{¶ 7} The trial court eventually granted Palmer's motion for summary judgment, including that portion of the Grays' counter-claim that sought compensation for a taking. In doing so, the trial court also granted a permanent injunction and abated the Grays' use of the driveway for ingress/egress of the storage facility. The Grays appealed the trial court's decision to this court, and we affirmed.[1]

{¶ 8} The Grays next applied to the zoning board for a variance, which was granted with several conditions. The Grays then administratively appealed that decision to the Warren County Court of Common Pleas. The court determined that the conditions were impermissible, and remanded the matter to the zoning board to determine whether an unconditional variance should be granted. The zoning board denied the Grays an

---

1. *Palmer v. Gray*, 12th Dist. Warren No. CA2011-04-034, 2011-Ohio-6796.

unconditional variance.

{¶ 9} The Grays then filed a new petition for a writ of mandamus on November 6, 2014, claiming that the zoning board's decision constituted a taking. Clearcreek Township and the zoning board filed a motion to dismiss, claiming among other arguments that the Grays' new petition was time-barred. The trial court granted the motion to dismiss, and the Grays now appeal the trial court's decision raising the following assignment of error.

{¶ 10} THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE GRAYS' PETITION WAS TIME-BARRED.

{¶ 11} The Grays argue in their assignment of error that the trial court erred in determining that their new petition for a writ of mandamus was time-barred.

{¶ 12} A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *York v. Hutchins*, 12th Dist. Butler No. CA2013-09-173, 2014-Ohio-988, ¶ 9. According to R.C. 2305.09(E), an action for relief on the grounds of a physical or regulatory taking of real property must be brought within four years after the cause accrued. *State ex rel. Nickoli v. Erie MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, ¶ 29. "A cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Id*. at ¶ 34. A plaintiff is aware of an event that fixes the government's alleged liability when the plaintiff has "direct and immediate notice of any alleged taking as well as the cause of the taking." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 46.

{¶ 13} The record demonstrates that the township took several actions that would have triggered the statute of limitations for the Grays' taking claim. First, the township rezoned the land in 2006 to residential so that the Grays could have initiated their claim for a taking at that point. The record is clear that the Grays knew of the rezoning, and thus had

- 4 -

notice of the alleged taking. Secondly, the township's communications to the Grays regarding the prohibited use of the residential property to provide ingress/egress to the commercial storage unit established a specific statute of limitations tolling event in 2007. Within that 2007 communication, the township directly informed the Grays that their use of the driveway to provide ingress/egress was prohibited because of the zoning restrictions placed on the property. Thus, the Grays had direct and immediate notice of the alleged taking as of 2007. Lastly, and even if we ignored the prior two acts by the township as triggering events, the township filed a complaint and application for permanent injunction and abatement in April 2009. The act of filing the complaint was an unequivocal indication to the Grays that the government was taking action to require the Grays to cease using their property in the manner in which they had been using it.

{¶ 14} The Grays were certainly aware of the township's rezoning, the consequence of the township's rezoning, the township's communication that the use of the driveway was prohibited, as well as the township's direct request for injunction. As such, and even if we were to use the 2009 filing of the injunction as the triggering event, the statute of limitations required the Grays to file their writ, at the latest, by 2013. The Gray's filing of the writ in 2014 was therefore outside of the applicable statute of limitations, and the trial court correctly granted the motion to dismiss.

{¶ 15} The Grays claim that the event that constituted the alleged taking did not occur until they exhausted all administrative remedies in regard to the variance they sought. The Grays base their argument on the proposition that Ohio law generally requires a party to exhaust available avenues of administrative relief before it is possible to pursue court action. *See Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 462 (1997). However, the Ohio Supreme Court has rejected a similar argument. *State ex rel. Nickoli*, 2010-Ohio-606.

{¶ 16} In *Nickoli*, the relators were homeowners who claimed that a taking occurred

when the Erie MetroParks opened a recreational trail that ran through their properties. The *Nickoli* Court determined that the cause of action accrued the year the trail was created and opened to the public rather than the time the trial court could have determined that opening the trail constituted a taking. *Id.* at ¶ 35. Despite a similar argument to the one raised in the case at bar, the Ohio Supreme Court concluded that if the date of accrual continues until the date a trial court makes its final decision, "we would eviscerate the statute of limitations, which would be an untenable result." *Id.*

{¶ 17} In so determining, the *Nickoli* Court specifically addressed the "continuous-violation" doctrine, and determined that the continuing *effects* of a prior violation do not constitute a continuing violation, and that there must be continual unlawful acts to implicate the doctrine. *Id.* at ¶ 32. Here, like *Nickoli*, the claimed interference with the Grays' property rights emanates from any of the three events discussed above. The alleged taking could have occurred at the rezoning, the communication that the use was no longer permitted, or the filing of the injunctive suit. However, these events were not distinct in the sense that they created a new injury at each turn. Instead, each time the issue was addressed, the basis for adjudication was the single fact that the land could not be used to serve a commercial purpose. Any communication by the township, decision by the trial court, or appeal to this court was specific to the *effect* of the rezoning, rather than an occurrence of a new or discrete act. As such, the continuous-violation doctrine is inapplicable to toll the controlling statute of limitations.

{¶ 18} The basis for the injunctive relief sought, the rezoning of the land in 2006, remained constant throughout the communication between the township and the Grays as to why the land could not be used for commercial purposes, and nothing changed in the interim to offer a new or different basis for the taking claim. As such, the Grays were aware that the event(s) that fixed the township's alleged taking liability occurred on or before 2009, and thus

the statute of limitations bars the Grays' new petition.

{¶ 19} After reviewing the record, the trial court properly granted the township's motion to dismiss, as the Grays' petition for a writ of mandamus was barred by the applicable statute of limitations. The Grays' single assignment of error is, therefore, overruled.[2]

{¶ 20} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.

---

2. The township raised two cross-assignments of error, which, given our decision to affirm the trial court's decision, are rendered moot.