JOURNAL ENTRY AND OPINION
Appellants, Edward and Marilyn Polster, appeal from the judgment of the Cuyahoga County Court of Common Pleas.
On May 19, 1998, appellants, along with thirteen other individuals, filed a complaint against appellees Beverly, Jonathon, and Jani Webb (the Webbs) and appellee City of Highland Heights ("the City"). The lawsuit against the Webbs and the City stems from the Webbs' alleged operation of a commercial landscaping/snow plowing business from their residentially-zoned property. All of the original plaintiffs in the case were neighbors of the Webbs. The complaint alleged that the Webbs' use of their property, located at 902 Barkston Drive in Highland Heights, constituted a nuisance and sought various injunctive relief as well as money damages. The complaint also alleged that the City had illegally issued a building permit to the Webbs for a retaining wall and had failed to enforce its own ordinances against the Webbs.
Because the trial court had granted a motion for summary judgment filed by the City, a bench trial against only the Webbs commenced on December 8, 1999. At trial, upon oral motion, all of the plaintiffs, except the Polsters, were dismissed for failure to appear and prosecute. On December 20, 1999, the trial court filed the following journal entry:
 This matter comes in for verdict on the evidence, stipulations and exhibits presented at the trial of the merits of this case. On the evidence presented, this court cannot say that the [plaintiffs] sustained their burden on the issue of damages. On the equitable issues, the [defendants] are directed to clean up any loose debris in their yard and to comply with all direction of Highland Heights officials.
From this judgment, appellants assign the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE, CITY OF HIGHLAND HEIGHTS, SUMMARY JUDGMENT WHEN MATERIAL ISSUES OF FACT CLEARLY EXIST.
 II. THE TRIAL COURT ERRED IN RULING THAT APPELLANTS DID NOT SUSTAIN THEIR BURDEN OF PROOF AS TO DAMAGE.
 III. THE TRIAL COURT ERRED BY FAILING TO DISPOSE OF ALL ISSUES BEFORE IT.
Appellees, Jonathon, Beverly and Jani Webb, filed a timely cross-appeal from the trial court's judgment and assign the following errors:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT CROSS-APPELLANTS' MOTION FOR DIRECTED VERDICT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT FOLLOWING OHIO REVISED CODE SECTION 3767.03 AS IT PERTAINS TO BOND ISSUES IN ACTIONS OF THIS NATURE.
Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47, 517 N.E.2d 904. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In appellants' first assignment of error, they allege that the trial court erred by granting summary judgment to appellee City. They contend that a material issue of fact existed as to whether the Webbs had legal authority to build a retaining wall on their property, such that it was inappropriate to conclude as a matter of law that appellant could not prove that the City failed to enforce its ordinances. Appellants also contend that the trial court improperly granted summary judgment to the City on the grounds that they had failed to exhaust their administrative remedies when the City did not raise that issue in its motion for summary judgment nor did it indicate what administrative remedy was available to appellants.
Appellee City argues that the trial court properly granted summary judgment in its favor because appellants did not oppose its motion. It asserts that not only did appellants fail to file a response before the trial court granted summary judgment, after they did file a response months later, but the trial court ordered that their brief in opposition be stricken from the record. While on October 21, 1998 the trial court denied appellants' motion to file a brief in opposition to the City's motion for summary judgment, on November 27, 1998, the court specifically advised appellants to file a brief in opposition so that it could rule on appellants' motion requesting a reconsideration of its grant of summary judgment against them. Furthermore, in the journal entry filed March 30, 1998 granting the City's motion for summary judgment for a second time, the trial court stated that it had considered the arguments contained in appellants' brief in opposition.
Although the transcript of the docket indicates that the City's motion to strike appellants' brief in opposition was granted on August 6, 1999, over four months after the court granted summary judgment to the City, no journal entry to that effect exists in the record. It is axiomatic that a court speaks only through its journal. LaRiche v. Delisio (Nov. 30, 2000), Cuyahoga App. No. 77352, unreported, citing State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. Therefore, because the journal entries in the record indicate that appellants filed a brief in opposition that was considered by the trial court, this court must consider whether appellants raised a genuine issue of material fact in their brief in opposition to the City's motion for summary judgment.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court allocated the relative burdens of the parties when a motion for summary judgment is filed:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293.
Upon reviewing appellants' brief in opposition to the City's motion for summary judgment, we cannot agree with the trial court's conclusion that appellants presented no evidence to demonstrate that the City failed to enforce its ordinances. In their brief in opposition, appellants point to Section 1107 of the Highland Heights Building Code which provides in part:
 No excavation or site improvements shall be started, nor shall any buildings or structures be erected, altered or moved, until a building permit and zoning certificate have been applied for by the owner of the premises or a person legally acting under written authority of such owner, and issued by the Building Commissioner.
Attached to the City's motion for summary judgment was the affidavit of George Wilson, the building inspector for the City. In his affidavit, Mr. Wilson states:
 3. * * * I properly granted the Webb residence at 902 Barkston Drive in the City of Highland Heights, a building permit for the erection of a retaining wall and that the property owner did agree to abide by all codes, ordinances and regulations of the State of Ohio and city of Highland Heights as they pertained to the work and to correct any and all violations of such laws.
However, Mr. Wilson testified at his deposition that Jani Webb applied for the building permit, although Beverly Webb was the owner of the property. He also testified that he did not see any written authority from the owner before he issued the building permit to Jani Webb. The submission of Mr. Wilson's deposition by appellants raises an issue of fact as to whether the City followed its own ordinance when it granted a building permit to Jani Webb; therefore, the trial court erred by granting summary judgment on the grounds that appellants presented no evidence that the City did not enforce its own ordinance.
Appellants also contend that the trial court erred by granting summary judgment to the City on the basis that they had failed to exhaust their administrative remedies when the City did not assert that affirmative defense in its motion for summary judgment. A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798, syllabus. Because the City did not set forth the affirmative defense of failure to exhaust administrative remedies as a basis for its motion for summary judgment, appellants did not have an opportunity to respond effectively to this claim.
Furthermore, the City, in fact, waived that affirmative defense because it did not raise it in its motion for summary judgment. In Jones v. Village of Chagrin Falls (1997), 77 Ohio St.3d 456, 674 N.E.2d 1388, syllabus, the Supreme Court of Ohio held that [t]he doctrine of failure to exhaust administrative remedies is * * * an affirmative defense that may be waived if not timely asserted and maintained. The court stated: [T]he practical effect, therefore, of Chagrin Falls' failure to raise the affirmative defense in its one and only summary judgment motion is the waiver of the defense. Id. at 457. Because the City waived the affirmative defense of failure to exhaust administrative remedies, the trial court had no basis to use such a defense as a reason for granting summary judgment to the City and erred in so doing.
The City argues that even if the trial court erred by granting summary judgment in its favor, the City is absolutely immune from civil liability pursuant to R.C. 2744.03(A)(1). While statutory immunity may be applicable to this case, the City has waived this affirmative defense by failing to raise it in the motion for summary judgment that it filed. As recently stated by the Supreme Court of Ohio, [S]tatutory immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived. Turner v. Central Local School Dist. (1999), 85 Ohio St.3d 95,97, 706 N.E.2d 1261. In Jones, supra, at 457-458, the Supreme Court determined that a party did not timely raise an affirmative defense because it did not raise the defense in its motion for summary judgment even though the defense had been plead in the party's answer. Because the City has waived the affirmative defense of statutory immunity, we cannot conclude that it is not liable to appellants as a matter of law. Appellants' first assignment of error has merit.
In appellants' second assignment of error, they allege that the trial court erred by ruling that they did not sustain their burden of proof as to damages. Appellants contend that they satisfied their burden of proving damages because they presented evidence that the Webbs' commercial operations lessened the enjoyment of their property and that the tax assessment of their property had been reduced from $170,000 to $100,000 by the Cuyahoga County Board of Revision. We note that the trial court did not rule that appellants failed to prove that the condition of the Webbs' property was a nuisance; therefore, our review is limited to whether appellants presented sufficient evidence of damages to sustain their burden of proof on that issue.
In Francis Corp. v. Sun Company, Inc. (Dec. 23, 1999), Cuyahoga App. No. 74966, unreported, this court discussed the measure of damages for temporary loss to real property. We wrote:
[A]s a general rule,
 (1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
 (a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
(b) the loss of use of the land, and
 (c) discomfort and annoyance to him as an occupant. Id., quoting Restatement of the Law 2d, Torts (1979), section 929(1).
In the instant case, appellants did not allege that they spent any money to restore their property; they merely alleged that they were entitled to $70,000, the amount of the reduction of their property's assessed tax value. We cannot agree with appellants' contention that the reduction in the assessed tax value of the property constitutes sufficient evidence of damages in this case. Appellants presented no evidence that such a reduction in assessed tax value equals the difference between the value of the land before the harm and the value after the harm. Because property valuation is not a matter of common knowledge and appellants presented no expert testimony on that issue, the trial court did not err by refusing to award $70,000 in damages to appellants.
While we do not dispute that appellants did not prove their entitlement to damages based on the reduction of their property's assessed tax value, we cannot conclude that appellants failed to present any evidence as to damages suffered by them. Pursuant to Section 929(1)(c) of the Restatement of Law 2d, Torts, appellants, as occupants, are entitled to damages for the annoyance and discomfort caused by the nuisance on the Webbs' property. At trial, Mrs. Polster testified that for three years, her family was unable to open the windows on the side of her house due to the dust, dirt, noise, and smell from the Webbs' property. She also testified that the situation lessened her enjoyment of her property. Mr. Polster testified that the Webbs' trash would blow onto their yard and that debris including old tires located behind a shed on the Webbs' property was an eyesore. He also testified that John Webb dug up his drain tile, causing a swamp-like condition on their property and that the condition lessened their enjoyment of the property.
Appellants' testimony that they were annoyed by the condition of the Webbs' property constitutes sufficient evidence to prove their entitlement to damages. Therefore, the trial court erred by concluding that appellants did not sustain their burden of proving any damages. Appellants' second assignment of error has merit.
In their third assignment of error, appellants allege that the trial court erred by failing to dispose of all issues before it. Appellants contend that the trial court failed to rule on whether the Webbs should be enjoined from operating a commercial business on their property. Appellants also contend that the trial court did not rule on whether the Webbs should be ordered to restore the drainage condition on their property to its original condition.
In their complaint, appellants requested the above equitable relief as well as an order that the Webbs be enjoined from maintaining unsightly articles of personal property, trash, and uncovered rubbish containers on their property. In the trial court's journal entry, it disposed of all of appellants' requested equitable relief when it stated: [O]n the equitable issues, the [defendants] are directed to clean up any loose debris in their yard and to comply with all direction of Highland Heights officials.
If appellants believed that the trial court did not dispose of all of the issues before it, they should have raised this argument at the trial level. It is well-settled law that a party waives any error on appeal that could have been corrected if raised before the trial court. See Stores Realty Co. v. Cleveland Bd. of Bldg. Stds. Bldg. Appeals (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. Because appellants did not timely raise any perceived deficiency in the court's journal entry, they waived the argument on appeal. Appellants' third assignment of error is overruled.
In the first assignment of error of their cross-appeal, the Webbs allege that the trial court erred by failing to grant their motion for a directed verdict. They contend that because the trial court granted the City's motion for summary judgment, the trial court's failure to grant their motion for a directed verdict on Counts I and II of appellants' complaint could result in inconsistent judgments. The Webbs maintain that the trial court's grant of summary judgment to the City became the law of the case; therefore, the Webbs could no longer be held liable for violating the City's ordinances when the trial court had previously ruled that it properly enforced its own ordinances as a matter of law.
Given that we concluded in appellants' first assignment of error that summary judgment in favor of the City was inappropriate, the Webbs' argument that their motion for a directed verdict had to be granted in order to avoid inconsistent judgments is moot.
The Webbs also contend that the trial court erred by not granting their motion for a directed verdict on Count III because appellants relied upon R.C. 3767.13(C), which pertains solely to the obstruction of navigable waterways. They argue that because this case does not involve navigable waterways, reasonable minds must conclude that the Webbs are entitled to judgment as a matter of law on this issue. Civ.R. 50(A)(4) provides the standard for granting directed verdicts:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
Whether a motion for a directed verdict should be granted is a question of law. Helmick v. Republic-Franklin Ins. Co. (1988), 39 Ohio St.3d 71,74, 529 N.E.2d 464. In the instant case, we cannot conclude that the trial court erred by refusing to grant the Webbs' motion for a directed verdict. Although R.C. 3767.13(C) does not apply the facts in this case, Count III of appellants' complaint is not premised solely upon that statute. Appellants allege that acts of the Webbs that resulted in swamp-like conditions on their property constitute a nuisance. Because reasonable minds could come to different conclusions about whether the Webbs' property was a nuisance, the trial court properly refused to direct a verdict in the Webbs' favor on that issue. The Webbs' first assignment of error is overruled.
In the second assignment of error of their cross-appeal, the Webbs allege that the trial court abused its discretion by not following R.C.3767.03. That statute pertains to nuisance actions and provides in part:
 If it is finally decided that an injunction should not have been granted or if the action was wrongfully brought, not prosecuted to final judgment, dismissed, or damages suffered, the defendant shall have recourse against the bond for all damages suffered, including damages to the defendant's property, person, or character, and for the reasonable attorney's fees incurred by the defendant in defending the action.
The Webbs argue that they are entitled to over $7,710 in attorney's fees that were incurred in defending appellants' frivolous lawsuit. They assert that R.C. 3767.03 applies to them because all plaintiffs, other than the Polsters and Prussas, failed to appear at trial and had their cases dismissed.
We do not agree with the Webbs' contention that R.C. 3767.03 applies to them. The plain language of the statute states that it applies to actions. In the instant case, the action against the Webbs was not wrongfully brought, not prosecuted to final judgment, or dismissed; having some of the plaintiffs dismissed for failing to appear is not the equivalent of having an action dismissed. Because the action against the Webbs was prosecuted to final judgment, the Webbs' second assignment of error of their cross-appeal is overruled.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to the trial court for further proceedings consistent with this opinion.
This cause is reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ FRANK D. CELEBREZZE, JR. JUDGE.
ANNE L. KILBANE, J., CONCURS.
PATRICIA A. BLACKMON, P.J., CONCURS IN JUDGMENT ONLY.