Vitek was not entitled to a discharge under either section.

## VIII

We thus affirm the bankruptcy appellate panel's decision upholding the bankruptcy court's decision.

**James P. SIGLER, Plaintiff–Appellant,**

v.

**Larry WOANSKI, Claims Specialist, Ohio Bureau of Unemployment Compensation Benefits; June K. Wolford, Enforcement Support Officer, Franklin County Child Support Enforcement Agency, Defendants–Appellees.**

**No. 03–4077.**

United States Court of Appeals, Sixth Circuit.

March 8, 2004.

James P. Sigler, Sylvania, OH, for Plaintiff–Appellant.

Michael L. Stokes, Office of the Attorney General, Toledo, OH, Christine Bobbey Lippe, Prosecuting Attorney's Office for the County of Franklin, Columbus, OH, for Defendants–Appellees.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

### ORDER

James P. Sigler, an Ohio resident, appeals pro se the dismissal of his civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Sigler filed a complaint against three officials of the Ohio Department of Job & Family Services and two officials of the Franklin County Child Support Enforcement Agency, alleging that his Fifth and Fourteenth Amendment rights had been violated when his application for extended unemployment benefits was denied following a telephone interview without notice. The district court ordered Sigler to file an amended complaint or his complaint would be subject to dismissal for failure to state a claim. Sigler filed an amended complaint against two of the original defendants: a claims specialist from the Ohio Bureau of Unemployment Compensation, who conducted the telephone interview at issue; and an enforcement support officer, who Sigler assumed had reported his employment to the former. Sigler argued that the latter defendant must have reported his employment status because he had recently requested a recalculation of his child support, and that application indicated that he was working on commission, while his unemployment benefits application indicated that he was unemployed.

The district court dismissed the amended complaint for failure to state a claim, concluding that Sigler's Fifth Amendment claims of being subjected to self-incrimination and denied counsel were meritless, his due process claim failed because there was a state remedy available, and his equal protection claim appeared to be without factual basis. Sigler's motion for reconsideration was also denied. On appeal, Sigler reasserts his due process and equal protection claims.

Upon consideration, we conclude that this complaint was properly dismissed for failure to state a claim, because, even when it is construed in the light most favorable

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

to Sigler, it is clear that he could prove no facts which would entitle him to relief. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir.2000).

Initially, it is noted that Sigler has abandoned his claims of the denial of his right against self-incrimination and his right to counsel on appeal, and these claims therefore need not be addressed. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

Sigler alleged that the defendant claims specialist violated state procedures which required that Sigler be given notice and a hearing before his application for unemployment benefits was denied. However, Sigler was required to prove that state law provided no remedy for this alleged due process violation. *Mertik v. Blalock*, 983 F.2d 1353, 1364–65 (6th Cir.1993); *Sproul v. City of Wooster*, 840 F.2d 1267, 1270 (6th Cir.1988). It is undisputed that Ohio does provide a remedy for the denial of unemployment benefits. It appears that Sigler failed to comply with the procedure for appealing the decision, because he refused to participate in a telephonic posttermination hearing, and insisted that he was entitled to know who had informed the claims specialist of his employment. Even if Sigler did not properly invoke the state remedy, its existence required that his due process claim be dismissed. Sigler's claim that he was entitled to know who informed the claims specialist of his employment is based on a 1989 consent decree in *Taylor v. Bowland*, a case from the Northern District of Ohio which Sigler has attached to his brief. Examination of the last full paragraph on the first page of the decree indicates that it is inapplicable to cases in which it is learned that the claimant for unemployment benefits is employed, as in the instant case.

Finally, the district court properly concluded that Sigler's equal protection claim was subject to dismissal because it was without any factual basis alleged in the complaint, noting that generous construction of pro se pleadings has limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). Sigler faults the district court for failing to "connect the dots" and realize that he was alleging discrimination based on age, because only elderly people work on commission, and based on sex, because he pays child support. These arguments are frivolous.

For the above reasons, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.