DECISION
{¶ 1} Relators, 12 assistant Franklin County Public Defenders and support personnel, filed this original action as a class action against respondents, Ohio Public Employees Retirement Board ("PERB"), Board of County Commissioners of Franklin County, Ohio, Franklin County Public Defender Commission, and Yeura Venters as Franklin County Public Defender and as City of Columbus Public Defender. Relators are requesting that this court vacate the order of respondent, PERB, which held that relators, and 41 other similarly situated employees, were not public employees and/or did not work for a public employer, and thereby were not entitled to membership and service credit in the Ohio Public Employees Retirement System ("OPERS").
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court. Relators filed a pretrial motion, pursuant to Civ.R. 23(C)(1), to certify this case as a class action. The magistrate issued a decision denying relators' motion, finding that relators did not satisfy the numerosity requirement of Civ.R. 23(A)(1). (Order Attached as Exhibit A.)
 {¶ 3} Relators filed the following five objections to the magistrate's decision:
The Magistrate erred as a matter of law:
[1.] by failing to make separate written findings on each of the seven (7) requirements for class certification under Civil Rule 23;
[2.] in requiring exhaustion of the administrative remedy by all members of the Magistrate's second erroneously created subclass;
[3.] by sua sponte, and without notice or opportunity for briefing, dividing the proposed class into subclasses (i.e., those who exhausted their administrative remedy versus those who did not);
[4.] by determining that joinder was not impractical with respect to the 39 absent members of the Magistrate's first erroneously created subclass; and
[5.] by determining that Relators had failed to demonstrate by a preponderance of the evidence that the overall size of the proposed class exceeds one hundred (100) individuals and thus met the "numerosity" requirement of Civ. R. 23(A)(1).
 {¶ 4} "A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ. R. 23, while five others are specifically set forth therein." Warner v. WasteManagement, Inc. (1988), 36 Ohio St.3d 91, paragraph one of the syllabus.
 {¶ 5} The two implied requirements that must be met are (1) there must be an identifiable class, which is unambiguous in definition; and (2) the class representatives must be members of that unambiguous class. Horvath v. State Teachers RetirementBoard (Mar. 31, 1995), Franklin App. No. 94APE07-988, citingWarner, supra.
 {¶ 6} Four of the five express requirements are set forth in Civ.R. 23(A). Those four requirements are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Numerosity requires that the class be so numerous that joinder of all members is impracticable. Id. Commonality requires that there are questions of law or fact common to the class. Id. Typicality demands that the claims or defenses of the representatives are typical of those of the class, and adequacy requires that the representatives fairly and adequately protect the interest of the class as a whole. Id.
 {¶ 7} The seventh express requirement for class certification pursuant to Civ.R. 23, is a determination of whether one of the three Civ.R. 23(B) requirements is met. Id., citing Warner, at 94. Civ.R. 23(B), provides in part:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. * * *.
 {¶ 8} The party seeking certification bears the burden of proving that all of the above prerequisites of Civ.R. 23(A), and one of the provisions of Civ.R. 23(B), are satisfied. Frisch'sRestaurant, Inc. v. James C. Conrad, Franklin App. No. 05AP-412, 2005-Ohio-5426, citing Horvath, supra. Failure to satisfy any one of the requirements mandates a denial of a request for class certification. Id.
 {¶ 9} In their first objection, relators argue that the magistrate erred as a matter of law by failing to make separate written findings on each of the seven requirements for class certification, and rely on Hamilton v. Ohio Savings Bank
(1998), 82 Ohio St.3d 67 in support of their position. InHamilton, the court stated, "[w]hile there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so." Id. at 70. However, in Hamilton, the trial court not only failed to articulate its rationale, but also failed to disclose which of the seven class action prerequisites were found to be lacking. Thus, the court recommended that trial courts make separate written findings because without them it is, "exceedingly, difficult to apply an abuse-of-discretion standard to Civ.R. 23 determinations." Id.
 {¶ 10} In addressing the requirements for class certification pursuant to Civ.R. 23, this court recently stated:
Moreover, if any one of the seven requirements is not met, certification of the class must be denied. Correspondingly, if the trial court finds that one of the prerequisites is not present, the court need not continue in its rigorous analysis as the inquiry into class certification is at an end.
Frisch's, supra at ¶ 18.
 {¶ 11} In a footnote following the above-cited paragraph, this court cited Hamilton, and stated, "trial courts are still encouraged to set forth the factual findings underpinning their decision in order to provide a solid basis upon which reviewing courts can determine whether the trial court exercised their discretion appropriately." Id. Thus, this court has explicitly recognized that a trial court need not address all seven prerequisites if one is found to be lacking thereby necessitating a denial of a motion for class certification.
 {¶ 12} Further, a significant distinction in the case before us is that we are reviewing a decision of a magistrate of this court in an original action. Our standard of review is not that of abuse of discretion as it is when we review a trial court's decision to grant or deny class certification, which is the scenario in the cases cited by relators. Rather, pursuant to Civ.R. 53, we conduct an independent review of the magistrate's decision. Moreover, it is clear from the decision that the magistrate found the numerosity requirement to be lacking, thus we are not left to speculate as to the basis and underpinnings of his decision to deny class certification. Accordingly, we overrule relators' first objection.
 {¶ 13} Relators' remaining objections relate to the merits of the magistrate's decision to deny class certification. Respondent PERB argues that there is no basis, nor a need, to certify a class in this case. In support of its position, PERB relies on this court's decision in Horvath and Smith v. State TeachersRetirement Board (Feb. 5, 1998), Franklin App. No. 97APE07-943 ("Smith I"). Relators contend that PERB's arguments are misplaced, and that we are prohibited from considering their arguments because our review is limited to the magistrate's decision in which the magistrate concluded that relators failed to satisfy the numerosity requirement of Civ.R. 23(A). Thus, relators argue that PERB is limited to rebutting relators' objections to the magistrate's decision. Relators' contention is not well-taken. As previously stated, and noted by relators in various portions of their briefs, this court appointed a magistrate pursuant to Civ.R. 53, and we review the magistrate's decision independently. We are free to "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53. Similarly, we are free to accept the magistrate's ultimate decision of denial of class certification for reasons other than those addressed by the magistrate.
 {¶ 14} Upon review of the magistrate's decision, and the parties' briefs and arguments, we conclude that the magistrate was correct in denying relators' motion for class certification. However, our analysis is different from that of the magistrate; therefore, we adopt the magistrate's decision with the exception of the analysis regarding numerosity.
 {¶ 15} This court has noted that a primary principle behind class action suits is to simplify the resolution of complex litigation, and we have found that "where a plaintiff, or a small group of plaintiffs, can obtain relief for the greater whole — certifying a class is an unnecessary expenditure of court time and energy." Frisch's, at ¶ 23 (relying on Horvath and SmithI).
 {¶ 16} In Horvath, this court encountered a situation in which the plaintiff challenged the constitutionality of a state statute involving the crediting of interest to teacher retirement accounts. The trial court denied the motion for class certification, and we affirmed, noting that the State Teachers Retirement System ("STRS"), would be required to consistently implement the final decision of the highest court. Thus, we held that when an individual plaintiff's request for injunctive or declaratory relief would automatically accrue to the benefit of others who are similarly situated, a trial court does not abuse its discretion in refusing to certify a class action. Id., citingKrawczyk v. Wharram (July 14, 1989), Lucas App. No. L-88-243. See, also, State ex rel. Ash v. Aggrey (Sept. 20, 1977), Franklin App. No. 77AP-61 (holding that class certification was neither necessary nor appropriate, and that "to some extent, any action in mandamus seeking to enforce a statutory duty may affect others who may be recipients of the same statutory duty; however, it is neither necessary nor appropriate to expand such an action into a class action.")
 {¶ 17} In Smith I, the plaintiffs sought to certify a class challenging the formula used by the State Teachers Retirement Board in calculating monthly retirement benefits as contrary to state statute. As in Horvath, we stated that the "denial [of class certification] was appropriate, given that a verdict in favor of the [plaintiffs] in this matter would necessarily establish an identical legal framework applicable to all STRS members." Id.[1]
 {¶ 18} In Frisch's, the plaintiffs sought to certify a class challenging the ways in which employers participate in Ohio's workers' compensation program. Plaintiffs were all employers that participated in a retrospectively rated program and subsequently decided to change to a different program. Plaintiffs filed a complaint on behalf of themselves and a proposed class, alleging that they were entitled to dividend credits on the retrospectively-rated state fund premiums they incurred and paid for the policy years during the class period in which they were not solely retrospectively-rated state fund employers. The trial court found that plaintiffs were unable to satisfy one of the requirements of Civ.R. 23(B). This court stated that the question was not the constitutionality of the statute, but "it is whether the requested relief would automatically accrue to the benefit of those in the proposed class without resort to class litigation." Because a determination regarding the propriety of appellee's definition of a "subscriber" or policies granting dividend credits would automatically benefit any organization in the same position as plaintiffs, we found that Horvath and Smith I were controlling, and affirmed the trial court's decision to deny class certification.
 {¶ 19} Relators contend that Smith I is not only distinguishable from the case before us, but was wrongly decided, should not be followed, and should be overruled. In relators' argument that Smith I is distinguishable, relators contend that a major difference is the number of respondents and the types of action at issue. However, the important and overriding similarity is that a determination in favor of relators would automatically accrue to the benefit of others similarly situated. As we stated in Frisch's, the question is "whether the requested relief would automatically accrue to the benefit of those in the proposed class without resort to class litigation." Id. at ¶ 26.
 {¶ 20} Relators argue that Smith I was wrongly decided because this court "simply assumed that STRS would implement its decision uniformly," and that such uniform implementation did not occur. (Aug. 26, 2005 Reply at 9.) According to relators, Smithv. State Teachers Retirement Board, Franklin App. No. 01AP-1281, 2002-Ohio-4391 ("Smith II"), demonstrates the fallacies of this assumption. However, we do not agree with relators' interpretation of Smith II.
 {¶ 21} In Smith I, this court reversed and remanded as to the substantive claims, but affirmed the trial court's denial of class certification. On remand, the trial court entered final judgment in favor of the plaintiffs on the substantive claims. Thereafter, the plaintiffs filed a motion to show cause why STRS should not be held in contempt for failing to recalculate benefits. The trial court granted the motion and ordered STRS to recalculate the monthly benefit for plaintiff. However, while the motion to show cause was pending, plaintiff filed another motion for certification of a class action, or in the alternative, for an award of attorney fees. The trial court denied the motion and plaintiffs appealed. This court held in Smith II, that the renewed motion for class certification was moot, and that the teacher's attorneys were not entitled to fees on behalf of members of a putative class.
 {¶ 22} Plaintiffs argued that they were entitled to attorneys' fees and expenses on behalf of the 17,000 members of a putative class pursuant to the common fund doctrine.[2]
This court noted that while Smith's efforts changed the formula for calculating benefits, and thereby increased the stream of future payments for other retirees, it did not create a common fund, because only Smith would benefit from the recalculation of her retirement benefits. Thus, this court rejected plaintiffs' argument that the common fund doctrine was applicable and affirmed the trial court's decision to deny plaintiff's request for attorneys' fees. This court did not address, nor was it presented, with an issue regarding the uniform implementation of the trial court's ruling to person's similarly situated to the named parties. In fact, it does not appear that there was even a suggestion that STRS was not uniformly implementing the trial court's ruling to those similarly situated to the named parties.
 {¶ 23} While relators rely on the fact that there are in excess of 450 putative class members, it is clear that the mere size of a potential class is not determinative. Smith II
indicates that there were 17,000 putative members in that case, but because of the uniform application to those similarly situated to the named parties, this court affirmed the trial court's denial of class certification. We find no basis to overrule, or disregard this court's precedent consisting ofHorvath, Smith I, and the recently decided Frisch's.
 {¶ 24} For the foregoing reasons, we overrule relators' objections to the magistrate's decision, and adopt the magistrate's decision with the exception of the numerosity analysis. Relator's motion for class certification is hereby denied.
Objections overruled; motion for class certification isdenied.
Brown, P.J., and Bryant, J., concur.
 EXHIBIT A
State ex rel. Cynthia Davis et al., : :
Relators, : :
v. : No. 04AP-1293 :
Public Employees Retirement Board, : (REGULAR CALENDAR) et al., : Respondents. :
 MAGISTRATE'S ORDER ON RELATORS' MOTION TO CERTIFY A CLASS ACTION {¶ 25} The 12 relators who filed this original action in mandamus were among 51 claimants who brought an administrative action before respondent Public Employees Retirement Board ("PERB"). Those 51 claimants sought a PERB determination that the Franklin County Public Defenders Office was an R.C. Chapter 145 public employer after December 31, 1984 and before January 1, 1999 (the post-1984 period), and that, consequently, claimants were public employees entitled to participate in the Public Employees Retirement System ("PERS") during their respective periods of employment at the Franklin County Public Defenders Office during the post-1984 period.
 {¶ 26} Following a PERB staff determination denying their claims, the 51 claimants administratively appealed pursuant to Ohio Adm. Code 145-1-11. A PERB-appointed hearing examiner head the appeal and, on June 28, 2004, issued findings of fact and conclusions of law recommending the PERB determine that the Franklin County Public Defenders Office was not an R.C. Chapter 145 public employer during the period at issue. By letter dated August 25, 2004, claimants' counsel was notified that PERB had accepted the recommendation of its hearing examiner. Thus, the claimants' requests for PERS service credit during the period at issue were denied by a final administrative decision of respondent PERB. This mandamus action followed on December 3, 2004.
 {¶ 27} On May 2, 2005, relators moved for certification of a class action pursuant to Civ.R. 23. In support, relators submitted the affidavit of relators' counsel, James E. Melle, Esq. Mr. Melle represented the 51 claimants at the administrative proceedings before PERB.
 {¶ 28} On May 20, 2005, respondent PERB filed its memorandum in opposition.
 {¶ 29} On May 27, 2005, respondents Franklin County Board of Commissioners, Franklin County Public Defenders Commission, and Yeura Venters, as Franklin County Public Defendant and city of Columbus Public Defendant, filed their memorandum in opposition.
 {¶ 30} On June 13, 2005, relators filed their reply.
 {¶ 31} Although paragraph 46 of the complaint initially described the proposed class to be certified, relators have amended the proposed class description in their reply:
[A} persons who were hired as Assistant Franklin County Public Defenders and all personnel necessary to support them and the Franklin County Public Defender between January 1, 1985 and December 31, 1998 (hereinafter referred to as the "Class"). Excluded from the Class are Respondents Franklin County Public Defender and Columbus Public Defender.
Civ.R. 23(A) states:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 {¶ 32} A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ.R. 23 while five others are specifically set forth therein. Warner v. WasteManagement, Inc. (1988), 36 Ohio St.3d 91, paragraph one of the syllabus.
 {¶ 33} The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71.
 {¶ 34} This court must determine whether the relators have met the seven requirements by a preponderance of the evidence.Warner at 94. The burden of establishing that a case may appropriately be treated as a class action rests upon the party or parties bringing suit. Burrell v. Sol Bergman EstateJewelers, Inc. (1991), 77 Ohio App.3d 766, 771.
 {¶ 35} The magistrate finds that relators have failed to meet their burden for the numerosity requirement under Civ.R. 23(A). That is, relators have failed to show that the class is so numerous that joinder of all members is impracticable.
 {¶ 36} In construing the numerosity requirement, courts have been reluctant to establish specific numerical limits for the necessary size of a class. Currey v. Shell Oil Co. (1996),112 Ohio App.3d 312, 318. Rather, the courts prefer a case-by-case determination of whether the proposed class is so numerous that joinder of all members is impracticable. Id.
 {¶ 37} With respect to the numerosity requirement, analysis begins with the observation that the proposed class description includes the 39 administrative claimants before PERB who did not join with the 12 who filed this action, as well as any other potential claimants who were not among the 51 who brought the administrative action before PERB. In effect, the proposed class description describes two subclasses based upon whether the individual was a party to the administrative action the preceded the filing of this mandamus action.
 {¶ 38} For purposes of discussion here, the first subclass identifies 39 of the 51 claimants who were party to the administrative action but did not join in this mandamus action. The first subclass has exhausted the administrative remedy before PERB. See State ex rel Mallory v. Pub. Emp. Retirement Bd.
(1998), 82 Ohio St.3d 235, 240. (PERB has the statutory authority to determine whether a claimant was a public employee for purposes of PERS membership.)
 {¶ 39} Notwithstanding that relators' counsel, Mr. Melle, was counsel for the 51 claimants before PERB, this court has been provided no information as to why the 39 claimants did not join in this action. Although it is improbable that the 39 claimants are unaware of this mandamus action, none have moved to intervene.
 {¶ 40} Given that Mr. Melle represented the 39 claimants before the PERB, those individuals could have been contacted and invited to join in this action. Perhaps they were. This indicates that joinder of the 39 members of the so-called first subclass is not impracticable. Thus, with respect to the 39 members of the first subclass, relators have clearly failed to meet their burden of showing that the subclass is so numerous that joinder of all members is impracticable. In fact, joinder would seem to be quite practicable if any indeed wish to pursue their claims in mandamus following the denial at the administrative level. See SpectrumFinancial Cos. v. Marconsult, Inc. (C.A.9, 1979), 608 F.2d 377. (Spectrum was able to reach all 92 limited partners, 56 of whom joined in a second lawsuit that was later consolidated with the original action.)
 {¶ 41} As previously noted, the second subclass for purposes of discussion here consists of the potential claims who were not party to the administrative action before PERB but were nevertheless hired by the Franklin County Public Defenders Office during the post-1984 relevant time period.
 {¶ 42} At paragraph 47 of the complaint filed in this action, it is alleged:
The exact number of the members of the Relator Class is not presently known, but upon information and belief exceeds one hundred (100) individuals. * * *
 {¶ 43} Exhibit 368, attached to Mr. Melle's aforementioned affidavit, is a letter dated March 30, 2001, from Nick A. Soulas, Jr., an assistant prosecuting attorney who represented the interests of Franklin County and the Franklin County Public Defenders Office in a matter that was before PERS regarding the PERS membership of Omia Nadine Van Dyke. In that March 30, 2001 letter to the PERS' general counsel, Mr. Soulas wrote that Ms. VanDyke's claim "potentially impacts hundreds of other present and former FCPDO employees."
 {¶ 44} Relying upon exhibit 368, relators make the following argument in their reply:
* * * Relators have presented evidence from respondents' own hand that the decision in this case "impacts hundreds of other present and former FCPDO employees." See, Ex. 368, p. 55, attached to Melle Affidavit. Respondents' admission that "hundreds" of present and former employees will be affected by any decision in this case refutes their joinder objection.
 {¶ 45} Even if relators can show that "hundreds" of present and former employees of the Franklin County Public Defenders Office are members of relators' proposed class, those individuals who have not been party to an administrative action before PERB have clearly not exhausted their administrative remedy and thus would be premature in bringing their own mandamus action or joining in this action. Mallory, supra.
 {¶ 46} It is well-settled law in Ohio that in order for a writ of mandamus to issue, the relators must demonstrate (1) that they have a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relators have no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 29.
 {¶ 47} However, citing Jones v. Chagrin Falls (1997),77 Ohio St.3d 456, Swander Ditch Landowners' Assn. v. Joint Bd. ofHuron Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131, andRocky Fork Hunt Country Club v. Testa (1997),120 Ohio App.3d 442, relators contend that "[u]nder appropriate circumstances, which are present here, the administrative remedy may be bypassed." (Reply at 2.) The magistrate disagrees with relators suggestion that the requirement of a lack of a plain and adequate remedy can be bypassed in mandamus.
 {¶ 48} Unlike the instant original action in mandamus, the three cases cited by relators were declaratory judgment actions.
 {¶ 49} Jones, paragraph one of the syllabus states:
The doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may be waived if not timely asserted and maintained. [Citation omitted.]
 {¶ 50} Obviously, the Jones syllabus does not state the law regarding mandamus.
 {¶ 51} The court in Rocky Fork applied the syllabus holding in Jones to an action brought in declaratory judgment. TheSwander case, which predates Jones, was also a declaratory judgment action.
 {¶ 52} Relators have cited to no Ohio cases supporting their contention that in mandamus a class may be certified as to individuals that have not exhausted an adequate administrative remedy.
 {¶ 53} In short, any potential claimants beyond the 51 cannot be certified as part of a class in this action because they have failed to exhaust an administrative remedy.
 {¶ 54} Moreover, Mr. Soulas' comment in his March 30, 2001 letter, by itself, fails to show the probability of other individuals beyond the 51 who were hired by the Franklin County Public Defenders Office in the post-1984 period who desire to pursue a claim for PERS coverage during the relevant time period. Mr. Soulas failed to identify in his letter any source that supports his comment that Ms. Van Dyke's claim "potentially impacts hundreds." Without other evidence, which has not been forthcoming, Mr. Soulas' comment must be presumed to be speculation. The mere possibility that members of a class exists is insufficient. Podany v. Real Estate Mtg. Corp. Escrow Co.
(1999), Cuy. Cty. App. No. 75307.
 {¶ 55} This magistrate rejects relators' suggestion that, because Mr. Soulas' comment can be attributed to counsel for respondents in a related matter, it is binding literally upon this court. Clearly, relators have failed to show by a preponderance of the evidence that the class they propose for certification "exceeds one hundred (100) individuals" as alleged at paragraph 47 of the complaint or, for that matter, that there is a probability of other individuals beyond the 51 who were party to the administrative proceedings.
 {¶ 56} Given that relators have failed to meet the so-called numerosity requirement under Civ.R. 23(A), the magistrate declines to address whether relators can meet one of the Civ.R. 23(B) requirements. There is simply no need to address the Civ.R. 23(B) requirements here.
 {¶ 57} Accordingly, for all the above reasons, relators' May 2, 2005 motion for certification of this action as a class action is hereby denied.
[1] Smith I was remanded back to the trial court as to the substantive claims, but this court affirmed the trial court's denial of class certification.
[2] As this court discussed in Smith II, the common fund doctrine is an exception to the general American rule that, absent statutory authority, a prevailing party may not recover attorney fees as part of the cost of litigation. Id. at ¶ 19. Under the common fund doctrine, a court may award attorneys' fees and expenses to an attorney and/or a client who, at his own expense, has maintained a successful suit for the preservation, protection, and increase of a common fund or common property, or who has created at his own expense, or brought into a court a fund in which others may share with him. Id. at ¶ 20, quotingSmith v. Kroeger (1941), 138 Ohio St. 508, 514-515.