DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction filed by defendant-appellee, the Director of the Ohio Department of Job and Family Services ("ODJFS"). Pro se plaintiff-appellant, James P. Sigler, now challenges that judgment through the following assignments of error:
 {¶ 2} "1. The lower court clearly erred as a matter of law by failing to recognize and apply the appropriate exhaustion exception to appellant's constitutionality challenges to three state unemployment statutes, since `the administrative agency does not have the authority to grant the relief sought.'
 {¶ 3} "2. The lower court erred as a matter of priority by expecting a generic, diminutive and `Johnny come lately' jurisdictional blessing to resonate from ORC § 4141.282(C), rather than relying upon the highly appropriate and mightier `open courts' provision and due process clause that is set forth in the Ohio Constitution at Article 1, § 16 to confer the unwavering subject matter jurisdiction that it was evading.
 {¶ 4} "3. The lower court erred as a matter of patronage by eschewing controlling federal law in favor of state law, as demonstrated by its failure to exercise the concurrent and comity jurisdiction and obligation that it shares with the federal court system to assure that the ODJFS and its minions respect the panoply of constitutional restraints imposed by42 U.S.C. § 503(a)(3) in conjunction with the Fourteenth Amendment."
 {¶ 5} In May 2002, appellant's unemployment compensation benefits were terminated. Appellant appealed that decision to the Unemployment Compensation Review Commission ("UCRC"), who set the appeal for a telephonic hearing. Appellant, however, failed to appear for that hearing. Accordingly, the UCRC dismissed the appeal for appellant's failure to appear but notified him of his right to demonstrate good cause for his failure to appear. When appellant failed to establish good cause for his failure to appear, the UCRC mailed appellant an "Order Denying Vacate of Dismissal of Appeal." Appellant then timely requested an in-person hearing on the issue of good cause. Before the UCRC could render a decision on appellant's request, however, appellant filed an "Appeal from Failure to Appear" in the Lucas County Court of Common Pleas. That court dismissed the action, finding that it was without jurisdiction to review the appeal because appellant had failed to exhaust his administrative remedies. Appellant appealed that dismissal to this court. In a decision and judgment entry of September 2, 2005, we affirmed the trial court's dismissal, finding that "[s]ince there was no `final determination' of that issue — whether appellant had demonstrated good cause for failing to appear — the trial court correctly found that it lacked jurisdiction to hear the appeal."Sigler v. Director, Ohio Dept. of Jobs and Family Services, 6th Dist. No. L-05-1016, 2005-Ohio-4874, at ¶ 16 ("Sigler I").
 {¶ 6} Immediately after we released our decision in SiglerI, appellant filed a complaint for declaratory judgment in the court below, in which he attempted to challenge the constitutionality of various provisions of Ohio's unemployment compensation law. Appellee responded by filing a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. In an opinion and judgment entry of December 9, 2005, the lower court granted appellee's motion to dismiss. Specifically, the court found that because appellant failed to exhaust his administrative remedies, the court was without jurisdiction to hear the action. It is from that judgment that appellant appeals.
 {¶ 7} Because appellant's assignments of error are related, they will be discussed together. In Sigler I, we thoroughly discussed the doctrine of exhaustion of administrative remedies as it relates to declaratory judgment actions and need not repeat it here. We do state again, however, that the exception to the exhaustion doctrine that appellant sought to raise in the proceeding below (that "[e]xhaustion of administrative remedies is not required where the constitutionality of a statute is raised as a defense in a proceeding brought to enforce the statute." AEI Group, Inc. v. Ohio Dept. of Commerce (1990),67 Ohio App.3d 546, 550), is qualified by the discretion afforded trial courts in such matters. Sigler I, supra at ¶ 11. Accordingly, absent an abuse of discretion, we will not reverse a trial court's decision to dismiss a declaratory judgment action for lack of subject matter jurisdiction. Arbor Health Care Co.v. Jackson (1987), 39 Ohio App.3d 183.
 {¶ 8} Upon a thorough review of the record before us, we cannot say that the trial court abused its discretion in dismissing appellant's action pursuant to Civ.R. 12(B)(1) for failure to exhaust his administrative remedies. In particular we note that "where an administrative procedure might provide the relief sought without deciding a constitutional issue, the administrative remedy should be pursued first." Arbor HealthCare Co., supra at 186. Despite the label that appellant has attached to the complaint below, as well as to a complaint that he filed in a similarly dismissed federal court action (seeSigler v. Woanski (C.A.6, 2004), 93 Fed.Appx. 32), the relief that appellant has sought throughout these actions is the reinstatement of his unemployment compensation benefits. The UCRC was not able to render a final decision on the issue of whether appellant had shown good cause for his failure to appear at the telephonic hearing. Had it been able to, appellant may have received the relief he seeks and the present controversy would be moot. We note that this is now the fifth time that appellant has been informed of his need to exhaust his administrative remedies. See Sigler v. Director, Ohio Dept. of Job and Family Services,
Lucas County Common Pleas Case No. CI02-5485; Sigler v. Woanski
(C.A.6, 2004), 93 Fed.Appx. 32; Sigler v. Director, OhioDepartment of Job and Family Services, 6th Dist. No. L-05-1016,2005-Ohio-4874; and Sigler v. Director, Ohio Dept. of Job andFamily Services, Lucas County Common Pleas Case No. CI05-5339. Accordingly, appellant's assignments of error are not well-taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., concur.