DECISION AND JUDGMENT ENTRY
{¶ 1} Pro se appellant, James P. Sigler, appeals from a judgment entry dismissing his claims pursuant to Civ.R. 12(B)(1). For the reasons that follow, we affirm that judgment.
 {¶ 2} The facts relevant to a determination of the instant appeal are as follows. In May 2002, Sigler's unemployment benefits were terminated. Sigler appealed that *Page 2 
decision to the Unemployment Compensation Review Commission ("UCRC"), who set the appeal for a telephonic hearing. Sigler failed to appear for that hearing, and, as a result, the UCRC dismissed the appeal. Sigler was notified of his right to show good cause for his failure to appear. When Sigler failed to make any such showing, the UCRC mailed appellant an "Order Denying Vacate of Dismissal of Appeal." Sigler subsequently requested an in-person hearing on the issue of good cause. Before the UCRC could render a decision on Sigler's request, Sigler filed a lawsuit — styled as an "Appeal from Failure to Appear" — in the Lucas County Court of Common Pleas. In this action, Sigler challenged the procedure that the Ohio Department of Job and Family Services ("ODJFS") used to hear his claim, arguing that it violated federal law and the United States constitution. The trial court dismissed the action, finding that it was without jurisdiction to review the appeal because Sigler had failed to exhaust his administrative remedies.
 {¶ 3} In a decision and judgment entry dated September 2, 2005, this court affirmed the trial court's dismissal, finding that Sigler's failure to attend the telephonic hearing had "eclipsed and precluded an appeal of other issues." Sigler v. Director, Ohio Dept. of Jobs andFamily Services, 6th Dist. No. L-05-1016, 2005-Ohio-4874, ¶ 15. "Once appellant failed to appear at his telephone hearing, the board was bound to dismiss his appeal and the only issue posed thenceforth was whether appellant could show good cause for that failure to appear." Id. Because Sigler did not wait for the UCRC to determine whether he had shown good cause for his failure to appear, this court *Page 3 
concluded that the trial court lacked jurisdiction to hear his challenge to the still-undecided administrative decision.
 {¶ 4} While Sigler's first suit was pending, he filed a second suit, this time in federal court, claiming that the ODJFS procedure violated his Fourteenth Amendment Due Process rights. The district court dismissed his complaint for failure to state a claim, and the United States Court of Appeals for the Sixth Circuit agreed, holding that Sigler's federal claim was foreclosed because he had an adequate state-law remedy for the claimed due process violation. Sigler v.Woanski (C.A. 6, 2004), 93 Fed.Appx. 32. As the federal appeals court observed:
 {¶ 5} "It is undisputed that Ohio does provide a remedy for the denial of unemployment benefits. It appears that Sigler failed to comply with the procedure for appealing the decision, because he refused to participate in a telephonic post-termination hearing * * *. Even if Sigler did not properly invoke the state remedy, its existence required that his due process claim be dismissed." Id., at 34.
 {¶ 6} In a third suit, filed in the Lucas County Court of Common Pleas, Sigler sought declaratory judgment. He raised questions of federal statutory and constitutional law. The trial court granted ODJF's motion to dismiss under Civ.R. 12(B)(1), for lack of subject matter jurisdiction. This court upheld that decision on appeal, finding that because Sigler failed to exhaust his administrative remedies, his action was properly dismissed. Sigler v. Director, Ohio Department of Job andFamily Services, 6th Dist. No. L-06-1005, 2006-Ohio-4813. *Page 4 
 {¶ 7} On December 27, 2006, Sigler filed the instant action — purporting to be a class action lawsuit under 42 USC § 1983 — in the Lucas County Court of Common Pleas. In this action, Sigler claimed that certain statutory provisions of R.C. Chapter 4141, regarding unemployment compensation, are unconstitutional and violate Due Process and his Equal Protection rights. As in all of his previous actions, the relief appellant sought was reinstatement of his unemployment benefits.
 {¶ 8} In a judgment entry dated February 16, 2007, the lower court dismissed Sigler's complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. Sigler timely appealed this judgment, raising the following assignments of error:
 {¶ 9} I. "IN A PRIVATE CAUSE OF ACTION FILED UNDER 42 USC § 1983 IN CONJUNCTION WITH 42 USC § 503, THE STATE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT, BY FAILING TO COMPREHEND AND APPLY WELL SETTLED, WELL DEFINED FEDERAL LAW, AND BY FURTHER FAILING TO ACCEPT THE APPELLANT'S PERFECTLY VALID CLAIM, THAT THE OHIO UNEMPLOYMENT INSURANCE PROGRAM IS IN FLAGRANT VIOLATION OF THE "WHEN DUE" CLAUSE OF SSA AT TITLE III, SUBSEQUENTLY CODIFIED AS 42 USC § 503(a)(1)."
 {¶ 10} II. "IN A PRIVATE CAUSE OF ACTION FILED UNDER 42 USC § 1983 IN CONJUNCTION WITH 42 USC § 503, THE STATE COURT FLAGRANTLY ERRED AS A MATTER OF UNEQUIVOCAL FACT BY CONCLUDING THAT *Page 5 
APPELLANT'S STRAIGHT-FORWARD CONSTITUTIONAL CHALLENGES TO THREE (3) SPECIFIC STATE UNEMPLOYMENT INSURANCE STATUTES DID NOT STATE, NOR CLEARLY REFLECT COGNIZABLE CLAIMS UPON WHICH RELIEF MAY BE GRANTED."
 {¶ 11} III. "IN A PRIVATE CAUSE OF ACTION FILED UNDER 42 USC § 1983 IN CONJUNCTION WITH 42 USC § 503, THE STATE COURT ERRED AS A MATTER OF FEDERAL LAW BY IGNORANTLY APPLYING AN INFERIOR STATE REMEDY EXHAUSTION RULE TO A FILING CONTROLLED BY FEDERAL LAW, RATHER THAN RELYING UPON THE SUPERIOR FEDERAL NO-EXHAUSTION RULE, AND IN SO DOING, HAS ORCHESTRATED AN IGNORANT VIOLATION OF THE FEDERAL SUPREMACY CLAUSE."
 {¶ 12} Because Sigler's assignments of error involve overlapping issues, we will consider them together in this analysis. As indicated above, it has been previously determined — in two cases by this court and in one case in the federal system — that Sigler's unemployment appeal was properly dismissed as a result of his failure to exhaust his administrative remedies. See, Sigler, 93 Fed.Appx. 32; Sigler,2005-Ohio-4874; Sigler, 2006-Ohio-4813. In the cases before this court, in particular, Sigler's failure to exhaust his administrative remedies was found sufficient to support a conclusion by the trial court that it lacked subject matter jurisdiction. Sigler, 2005-Ohio-4874;Sigler, 2006-Ohio-4813. We are once again persuaded by this reasoning, and find that because Sigler failed to exhaust his administrative remedies, his action was properly dismissed *Page 6 
pursuant to Civ.R. 12(B)(1). The fact that Sigler has styled this action as a class action does nothing to alter this conclusion. Cf., State exrel. Davis v. Pub. Emp. Retirement Bd, 10th Dist. No. 04AP-1293,2005-Ohio-6612, ¶ 53 (holding that claimants in mandamus action could not be certified as part of a class where they had failed to exhaust their administrative remedy).
 {¶ 13} For the foregoing reasons, Sigler's assignments of error are all found not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Sigler is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1